**BENSON MANUFACTURING COMPANY**

v.

**BELL TELEPHONE COMPANY OF PENNSYLVANIA,**

and

**McCloskey & Company,**

and

**Caloric Appliance Company,**

and

**Maurice Fletcher,**

and

**F. H. Sparks Company, Inc.**

**Civ. A. No. 32671.**

United States District Court
E. D. Pennsylvania.
March 2, 1964.

Robert L. Trescher and Bruce B. Wilson, Philadelphia, Pa., for plaintiff.

Harold E. Kohn, William T. Coleman, Jr., Bruce W. Kauffman and Robert W. Maris, Philadelphia, Pa., for Caloric Appliance Co.

Joseph Neff Ewing, Jr., of Saul, Ewing, Remick & Saul, Philadelphia, Pa., for McCloskey & Co.

Bernard G. Segal, George P. Williams, III, John B. King, Peter F. Pugliese, of Schnader, Harrison, Segal, Philadelphia, Pa., for Bell Tel. Co. of Pa.

BODY, District Judge.

The matter is before this Court on the motions of defendant, Caloric Appliance Company, to dismiss the amended and supplemental complaint filed by plaintiff, Benson Manufacturing Company, and to dismiss the cross-claims filed by defendants, McCloskey & Company and The Bell Telephone Company of Pennsylvania. The above parties will hereinafter be referred to as "Caloric", "Benson", "McCloskey" and "Bell" respectively.

On January 18, 1963 Benson filed a complaint seeking a declaratory judgment against McCloskey, Bell, Caloric and Maurice Fletcher (hereinafter referred to as "Fletcher"). On February 15, 1963 Caloric filed a motion to dismiss the complaint. On February 29, 1963 Bell filed an answer to the complaint containing, inter alia, a counterclaim against Benson and cross-claims against McCloskey and Caloric. On March 18, 1963 Fletcher filed an answer to the complaint. Thereafter, on March 9, 1963 McCloskey filed its answer to the complaint containing, inter alia, a counterclaim against Benson and cross-claims against Bell, Caloric and Fletcher. With the exception of Caloric, all of the parties have filed answers to the claims, counterclaims and cross-claims asserted against them.

On September 10, 1963 Benson filed, with leave of the Court, an amended and supplemental complaint again seeking a declaratory judgment against the same four defendants and, in addition, seeking money damages against Caloric. On October 4, 1963 Caloric filed a motion to dismiss the amended and supplemental complaint, which is now before the Court. It was stipulated by counsel for Bell, McCloskey, Caloric and Fletcher that there was no objection to the granting by the Court of Benson's motion to join F. H. Sparks Company, Inc. (hereinafter referred to as "Sparks") as a third-party defendant on the counterclaim asserted against Benson by Bell and McCloskey. However, Sparks is not interested in this motion before the Court.

Jurisdiction over the subject of this action is based upon diversity of citizenship and jurisdictional amount. Plaintiff's complaint alleged that Benson is a corporation organized under the laws of Missouri and having its principal place

of business there. Defendants Bell and Caloric are Pennsylvania corporations having their principal places of business in Pennsylvania. Defendant McCloskey is a Delaware corporation having its principal place of business in Pennsylvania. Defendant Fletcher is a citizen of Pennsylvania. Thus, for the purpose of federal diversity, Benson is a citizen of Missouri and all other parties named by Benson in its complaint are citizens of Pennsylvania. Benson claims there is $182,307.99 due under its contract with McCloskey; Caloric claims $43,247.-26 due under its contract with Benson; and Bell's cross-claim is in the amount of $888,000 for replacement of the defective panels and for defacing the aesthetic appearance of its building.

The factual background which gave rise to the litigation is as follows: Fletcher contracted with Bell to supply architectural plans and specifications to Bell in connection with the construction of Bell's new office building at Number One Parkway, Philadelphia, Pennsylvania. Bell contracted with McCloskey for the construction and erection of certain divisions of the office building. McCloskey, in turn, subcontracted the manufacture and erection of the exterior metal wall of the office building to Benson. Benson then subcontracted the manufacture of the stainless steel panels comprising the exterior metal wall to Caloric, and the erection of the exterior metal wall to Sparks.

After the panels were manufactured by Caloric and erected upon the office building, Fletcher (Bell's architect) rejected all of the panels alleging that they were not within the flatness tolerances specified by the exterior metal wall specifications 8(b) (10), in that the panels were not "perfectly flat" and exhibited tolerances exceeding $\frac{1}{32}$ of an inch when straight-edged. Having rejected the panels, Fletcher refused to approve further payments for them. Because of this rejection and lack of approval, Bell has refused to make further payments for the panels to McCloskey, and McCloskey in turn has refused to make further payments to Benson because it had not been paid by Bell. Caloric has demanded from Benson payment of the unpaid amount under its contract with Benson, while Benson has refused to make such payment.

In support of its motion to dismiss the amended and supplemental complaint, Caloric contends that the Court lacks jurisdiction to grant declaratory relief in this matter because there does not exist between defendant Caloric and plaintiff Benson any "actual controversy". Caloric states further that there is no collision of interest with Benson in regard to the primary and controlling matter in dispute since both parties contend that the panels were constructed and manufactured in accordance with the specifications provided them. Therefore, Caloric concludes that since Benson and Caloric are united on the fundamental issue to be decided in this action, Caloric should be realigned as a party plaintiff with Benson. Such a realignment would result in destroying diversity jurisdiction due to the fact that Caloric, a Pennsylvania corporation, would be suing all the remaining aforementioned defendants, all Pennsylvania citizens.

Caloric relies primarily on City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941) to sustain its position. In that case the Chase National Bank, a New York corporation, brought suit in the Federal District Court for the Southern District of Indiana, naming as defendants the Indianapolis Gas Company, the Citizens Gas Company of Indianapolis (an Indiana corporation), and the City of Indianapolis. Chase National Bank was the trustee under a mortgage deed to secure a bond issue executed by Indianapolis Gas Company. Twelve years later Indianapolis Gas Company leased all of its property to Citizens Gas Company with

Citizens Gas Company agreeing to pay as rental the interest on the lessor's outstanding bonded indebtedness and annual sums equal to six percent return on the common stock of Indianapolis Gas Company. Citizens Gas Company operated the mortgaged property for twenty-two years and then conveyed its entire property, including that covered by its lease from Indianapolis Gas Company, to the City of Indianapolis. The City of Indianapolis refused to be bound by the lease.

Justice Frankfurter stated that the "primary and controlling matter in dispute" is whether the lease whereby Indianapolis Gas Company conveyed all of its gas plant property to Citizens Gas Company is valid and binding upon the City of Indianapolis. Both Chase National Bank and the Indianapolis Gas Company have at all times asserted that the lease in question is valid and is binding upon the City of Indianapolis as trustee.

> "Plainly, therefore, Chase and Indianapolis Gas are, coloquially speaking, partners in litigation. * * * What Chase wants, Indianapolis Gas wants, and the City does not want. Yet, the City and Indianapolis Gas were made to have a common interest against Chase when, as a matter of fact, the interests of the City and of Indianapolis Gas are opposed to one another. Therefore, if regard be had to the requirement of jurisdictional integrity, Indianapolis Gas and Chase are on the same side of the controversy not only for their own purposes but also for the purpose of diversity jurisdiction. But such realignment places Indiana 'citizens' on both sides of the litigation and precludes assumption of jurisdiction based upon diversity of citizenship."

This principle expressed by Justice Frankfurter is well established and has been followed in many cases, including Ackerman v. Hook, 183 F.2d 11 (3d Cir. 1950).

■ ■ However, after a careful analysis of the factual situation of the case before the Court, it is found that the circumstances are not analogous and therefore the well-founded doctrine is not applicable. In this action plaintiff has asserted in its amended and supplemental complaint two separate and distinct claims against different defendants based on distinct and different theories of law. Plaintiff's first claim is an action against McCloskey, Bell and Fletcher for the price of goods sold to McCloskey under the Benson-McCloskey contract. Bell and Fletcher are included as parties defendant inasmuch as certain actions by them may constitute defenses to McCloskey under the contract. "The primary and controlling matter in dispute" is whether Benson is entitled to payment under the contractual agreement in question. Caloric is not a party in this action and has no interest in the same. Thus its contention as to being realigned as a party plaintiff here is without merit.

Benson's second claim, asserted in the alternative, seeks to establish Caloric's liability to Benson for the breach of the Benson-Caloric contract on the theory that Caloric had supplied defective goods to Benson. In addition, Benson asserts a declaration of its own non-liability to Caloric. It is evident in this claim that a substantial controversy does prevail between Benson and Caloric as to the fabrication of the panels.

■ A further analysis of plaintiff's position reveals that Benson could have instituted an individual suit against Bell, McCloskey and Fletcher in federal court without making any reference to Caloric. Benson also could have instituted another separate and distinct action against Caloric in federal court not involving Bell, McCloskey and Fletcher. Both of these actions would have been sustained since diversity and jurisdictional amounts were present for federal jurisdiction. Nevertheless, the complaint filed by Benson is a proper one under Rule

20(a) of the Federal Rules of Civil Procedure which states inter alia:

> " * * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * * "

This Court is of the opinion that this rule should be liberally construed and applied, especially under the factual circumstances of the case. A liberal interpretation of this rule, however, protects the convenience of the parties and the Court by permitting separate trials, if necessary, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Sufficient allegations are presented that the "same transaction" and "common question" requirements are properly met.

Similarly, Rule 8(e) (2) of the Federal Rules of Civil Procedure affords Benson the right to assert alternate, hypothetical or inconsistent claims. Rule 8(e) (2) states:

> "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. * * * "

▮ Caloric's contention that the amended and supplemental complaint of Benson should be dismissed because there is a failure to state a claim upon which relief can be granted is without merit.

Suffice it. to say, a substantial controversy does exist between Benson and Caloric and Benson's complaint contains sufficient allegations to comply with the Federal Rules of Civil Procedure.

▮ Caloric alleges in its second motion that there should be a dismissal of the cross-claims of Bell and McCloskey. The assertion of a cross-claim is determined by Rule 13(g) of the Federal Rules of Civil Procedure:

> "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

The controlling element in the assertion of a cross-claim is that it arises out of the same transaction or occurrence that is the subject matter. The test used in determining the meaning of the same transaction or occurrence should be the same test applicable to Rule 13(a) of the Federal Rules of Civil Procedure, Compulsory Counterclaims; 1A Barron & Holtzoff—Federal Practice and Procedure § 397, ftn. 292.

The logical relationship principle was adopted by Chief Judge Biggs as to the meaning of the same transaction or occurrence in Great Lakes Rubber Corporation v. Herbert Cooper Co., Inc., 286 F.2d 631, 634 (3d. Cir. 1961). There the Court stated:

> "We have indicated that a counterclaim is compulsory if it bears a 'logical relationship' to an opposing party's claim. Zion v. Sentry Safety Control Corp., 3 Cir., 1958, 258 F.2d 31. See also United Artists Corp. v. Masterpiece Productions, Inc., 2

Cir., 1955, 221 F.2d 213, 216. The phrase 'logical relationship' is given meaning by the purpose of the rule which it was designed to implement. Thus, a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. * * * "

■ It is not necessary to elaborate on the opinion of Chief Judge Biggs as to its applicability in the present case. The cross-claims asserted involve many of the same factual and legal issues of the same basic controversy between the parties. In the spirit of fairness and economy, these counterclaims should be adjudicated concurrently with the basic controversy.

Since the above opinion is dispositive of all matters presented, it is not incumbent upon this Court to decide the other numerous contentions raised by all parties in reference to these matters. Accordingly, it will not do so.

### ORDER

And now, this second day of March, 1964, in accordance with the foregoing Opinion, it is ordered that the motion of Caloric Appliance Company to dismiss the amended and supplemental complaint of Benson Manufacturing Company be and the same is hereby denied.

It is further ordered that the motion of Caloric Appliance Company to dismiss the cross-claims of Bell Telephone Company of Pennsylvania and McCloskey & Company be and the same is hereby denied.