MISSISSIPPI VALLEY STRUCTURAL STEEL CO., a corporation, and Kenwood Construction Company, a corporation, Plaintiffs,

v.

HUBER, HUNT & NICHOLS, INC., a corporation, Defendant.

No. P–2990.

United States District Court S. D. Illinois, N. D.

Jan. 7, 1969.

Donald A. Morgan, Davis, Morgan & Witherell, Peoria, Ill., Isham, Lincoln & Beale, Bishop, Burdett, Falasz & Ericson, Chicago, Ill., for plaintiffs.

Robert D. Jackson, Westervelt, Johnson, Nicoll & Keller, Peoria, Ill., Christopher Kirages, Dutton, Kappes & Overman, Indianapolis, Ind., for defendant.

## DECISION AND ORDER ON MOTION TO DISMISS

ROBERT D. MORGAN, District Judge.

The complaint here contains two counts. Count I involves both plaintiffs and seeks damages from defendant for alleged breach of contract. Count II, involving only plaintiff Mississippi Valley and defendant, seeks payment of an alleged unpaid contract balance. The matter is before the Court on motion to dismiss Count I.

Plaintiffs are both alleged to be Illinois corporations with principal places of business in Illinois; and defendant is alleged to be an Indiana corporation with principal place of business at Indianapolis, but licensed to do business in Illinois, and doing business in this district. The amount in controversy exceeds $10,000, and there is no dispute over jurisdiction or venue.[1]

Based upon the allegations of Count I (and exhibits attached to the complaint), which are accepted as true for the purposes of this motion, the following facts appear. Defendant was general contractor for the construction of a large, new administration building for Caterpillar Tractor Co. at Peoria, Illinois. Plaintiff, Mississippi Valley, was a subcontractor for fabricating and erecting the structural steel for that building. The price and basic terms of this subcontract were established December 8, 1964 by Mississippi Valley directly with Caterpillar, the owner. It included a schedule for erection of the structural steel between May 1 and Sep-

---

1. The motion asserted improper alignment of parties and consequent lack of complete diversity, but this contention was abandoned by defendant at the hearing.

tember 1, 1965, which was prepared by Caterpillar and which was amended by Caterpillar, with Mississippi Valley approval, to require that erection be begun on or about May 17, 1965, and be completed by September 17, 1965. Thereafter, a detailed schedule (Exhibit B to the complaint) "was prepared by Kenwood and Mississippi Valley," which was delivered to and approved by Caterpillar, calling for start of erection work on May 10, 1965.

On or about March 19, 1965, Caterpillar entered into the general construction contract with defendant, and prior to that date defendant had received from Caterpillar a copy of the final approved steel erection schedule.

Under date of May 11, 1965 (signed June 2, 1965), pursuant to provisions in the prior contracts each had with Caterpillar, defendant and Mississippi Valley entered into a Subcontract Agreement (Group Exhibit C to the complaint) whereby the fabrication and erection of the structural steel for the said Caterpillar building was formally let to Mississippi Valley by defendant on the same terms as Mississippi Valley had previously agreed upon with Caterpillar.

It is alleged that both plaintiffs spent substantial sums in reliance upon said contracts, including said final erection schedule, in order to prepare for and to perform their obligations thereunder; that by virtue of said agreements defendant was obligated to both plaintiffs to be ready for the start and continuation of steel erection in accordance with said final approved erection schedule, but that defendant "wholly failed" in such obligation, whereas both plaintiffs "fully performed their respective obligations" to defendant with respect to said agreements, and as a result of defendant's breaches and failure both plaintiffs have sustained damages of $250,-000, for which judgment is prayed.

The name of plaintiff Kenwood does not appear in any of the contract documents attached to the complaint and there is no actual allegation that either defendant or Caterpillar had even ever heard of plaintiff Kenwood until the complaint was filed. It seems apparent, however, and appears to be acknowledged in argument, that Kenwood was a second-tier subcontractor for the erection of the steel which was to be fabricated by Mississippi Valley. There apparently was a contract of some kind between Kenwood and Mississippi Valley. Neither the form nor the terms of that contract are alleged in the complaint. There is no room for real doubt, however, that defendant is informed of the nature of the charges against it so as to be able to prepare any defense which it may have. It makes no contrary contention in that regard.

■ It is clear that facts well pleaded are to be taken as true; legal conclusions are not. The important issue of law on this motion is whether a cause of action upon which relief can be granted has been stated on behalf of plaintiff Kenwood. That question has been forcefully argued by both sides and thorough briefs have been submitted.

Defendant contends that plaintiff Kenwood has no standing to sue it because there is no privity of contract between them; that there was clearly no intention within Caterpillar's or defendant's contract to benefit plaintiff Kenwood, and hence, at best, it can be only an incidental beneficiary of those contracts, to which no cause of action as a third-party beneficiary is afforded in law. Defendant asserts that any claim by Kenwood must be against Mississippi Valley, with whom it had a contract. It is not asserted or argued that Mississippi Valley, which is a party-plaintiff to Count I, could have no claim against defendant on the basis alleged; but presumably defendant believes that such a claim or cause of action cannot arise until Mississippi Valley has suffered some damages through successful suit against it by Kenwood. While presumably that has not taken place, it cannot be overlooked that Mississippi Valley does allege contract breaches by defendant to its present damage. The Court is not

advised of any defect in Count I, so far as plaintiff Mississippi Valley is concerned.

Plaintiffs jointly argue that Kenwood is in the position of a creditor-beneficiary of the contract here between defendant and Mississippi Valley, that such a third-party beneficiary has a cause of action against the promisor directly, and that the promisee (here Mississippi Valley) of defendant's contract likewise has a cause of action against the promisor for failure to perform duties due the creditor-beneficiary.

It seems apparent that if either actual privity of contract between Kenwood or a classic third-party beneficiary position for Kenwood is required, Kenwood states no cause of action here.

Defendant relies on the case of International Erectors v. Wilhoit Steel Erectors, 400 F.2d 465 (1968), very recently decided by the Court of Appeals for the Fifth Circuit. There a third-tier subcontractor for the erection of structual steel, who had a contract only with a second-tier subcontractor for such erection, sued the first-tier subcontractor, who had contracted to fabricate and erect, for damages caused by delays. The claim was almost identical to the suit of Kenwood here, except that the whole set of parties was simply one tier further removed from the owner. It cannot be doubted that, under the law of Florida there applicable, and the reasoning of the Court of Appeals for the Fifth Circuit there applied, plaintiff Kenwood here would be found to be only an incidental beneficiary of the defendant's contract with Mississippi Valley, without privity of contract with defendant, and hence to have no standing to sue. There the Court of Appeals rejected the third-party beneficiary theory and sustained dismissal of a fourth amended complaint filed against the defendant with whom there was no contract. It should be noted, however, that in that case the suit was also filed against the second-tier subcontractor as a defendant, with whom the plaintiff had a contract, and the Court found, by separate analysis, that such defendant simply had not undertaken the contract obligation for timely delivery and conformity with specifications on which plaintiff relied for his suit. Here plaintiff Kenwood is aligned with plaintiff Mississippi Valley in the allegations that defendant's breaches of contract are the cause of damages to both. While it would require "most artificial and tortuous reasoning" (400 F.2d at 473) to find Kenwood other than an incidental beneficiary here in order to manufacture privity of contract, this court does not consider that necessary. If the *International Erectors* case had been decided by the Court of Appeals for the Seventh Circuit, the question of binding precedent would require analysis, but it was not decided by that court.

Defendant here states that possible prejudice to it by denial of this motion is not the question. This court does not agree, but believes that if defendant is not prejudiced and denial of the motion will contribute to the most efficient as well as equally just determination of existing disputes, it should be denied.

It is clear here that Kenwood did undertake the erection of steel on the building for which defendant was responsible as general contractor. The whole concept of third-party beneficiaries of contracts was developed in the living law to avoid strict application of the ancient requirement of privity in contract actions. Nor does classification here of plaintiff Kenwood, as a full-blown creditor-beneficiary or as only an incidental beneficiary, seem important for this purpose. The co-plaintiff, Mississippi Valley, is in full privity with defendant and there would appear to be no possible value to anyone in requiring a prior and separate suit by Kenwood against Mississippi Valley when the matter can be adjudicated all at once, and especially when Kenwood apparently does not consider that Mississippi Valley caused its alleged damage. Certainly the contract between Mississippi Valley and Kenwood is material and defendant is entitled to discovery and to have the benefit of any

defense it might provide for Mississippi Valley, because any substantive rights in contract which Kenwood has here presumably must arise in that contract. In that substantive aspect, this court does decide that Kenwood is an incidental beneficiary of the contract between Mississippi Valley and defendant, because no intention of the promisor to make such contract for its benefit appears. (See Exercycle of Michigan, Inc. v. Wayson, 341 F.2d 335 (C.A.7th 1955).) Here, however, defendant is sued by Mississippi Valley on their contract and, as the converse to modern third-party practice, brings Kenwood along for adjudication of its rights in the same subject matter in the same suit.

None of the many other cases cited, while reasonably appropriate for the propositions for which they are cited, are considered controlling, closely in point on the facts or particularly helpful.

This court does not hold that Kenwood could sue this defendant without joining with Mississippi Valley in so doing. That question is not presented. In the considered judgment of this court, however, the present motion must be denied. The reason is found in the simple justice of avoiding circuity of action without prejudice to defendant. While clearly referring to a genuine third-party beneficiary, which Kenwood here is not, a summary statement from American Jurisprudence, quoted and approved in Rhodes Pharmacal Co. v. Continental Can Co., 72 Ill.App.2d 362, 363, 219 N. E.2d 726 (1966), a case which is not in point, does seem appropriate and persuasive. It says:

"The basis of the rule permitting the beneficiary to sue, which is probably more frequently stated than any other at the present time, is that 'the law operating on the act of the parties, creates the duty, establishes the privity, and implies the promise and obligation, on which the action is founded.' Also it is sometimes said that the third person is permitted to sue in order to avoid circuity of action or a multiplicity of suits. In essence the reason for the doctrine is no more nor less than that it is just and practical to permit the person for whose benefit the contract is made to enforce it against one whose duty it is to pay, and the doctrine has prevailed in the United States on the strength of its reasonableness and necessity, rather than upon any preconceived general theory of law." 17 Am.Jur.2d, § 303, p. 727.

 It seems to this court no less reasonable and just, even though defendant consciously made no contract for the benefit of Kenwood, to permit Kenwood, which is the real party in interest at this point, to join in the suit with Mississippi Valley on the contract which defendant did make.

The motion to dismiss is denied and defendant is directed to answer or otherwise plead to the complaint within twenty (20) days.