CITY OF ELKHART *v.* WALTER F. MIDDLETON, II, ADMINISTRATOR OF THE ESTATE OF WALTER F. MIDDLETON, WRIGHT CONSTRUCTION CORPORATION, DORR-OLIVER INCORPORATED AND AMERICAN CASUALTY COMPANY.

[No. 1176S369. Filed November 1, 1976.]

*John J. Lorber, Crumpacker, May, Searer; Oberfell & Helling* of South Bend, *Worth T. Yoder, (Edward C. Stuart),* City Attorney, of Elkhart, for appellant.

*Don G. Blackmond, Robert M. Edwards, Jr.,* of South Bend, for appellee Estate of Walter F. Middleton; *John E. Doran, Doran, Manion, Boynton & Kamm,* of South Bend, for appellee, Dorr-Oliver, Inc., *Alexander Lysohir, Lysohir & Singer,* of South Bend, for appellee Wright Construction Co., Inc.

PRENTICE, J.—This matter is before us upon the defendant's (appellant's) petition to transfer the cause from the Court of Appeals, Third District, which affirmed the order of the trial court. The opinion of the Court of Appeals appears at 346 N.E.2d 274.

This is an interlocutory appeal under Ind. R. Ap. P. 4(B) (5) which results from the denial of defendant's (petitioner's) motion to implead a third party under Ind. R. Tr. P. 14(A), or in the alternative, to have that same third party joined as an additional defendant pursuant to Ind. R. Tr. P. 20(A) (2). This is a case of first impression regarding the interpretation of these two trial rules and the question of whether the exercise of that discretion allotted to the trial judge should have provided for it a shelter against a decision based upon an error of substantive law or fact. Since our trial rules are basically modeled after the Federal Rules of Civil Procedure, and vary substantially from prior Indiana practice in this area, this seems an appropriate opportunity to offer guidance for trial judges dealing with the difficult questions of third-party practice, hopefully with a view toward achieving a maximum of uniformity.

The record shows that the original action involves a suit by a general contractor, Wright Construction Co., against the City of Elkhart (petitioner) and Dorr-Oliver, Inc., an equipment sub-contractor, to recover damages arising from the construction of additions to the Elkhart wastewater treatment plant. Wright's complaint against the city alleges that Wright had performed its construction contract in compliance with the plans and specifications provided by the city, and through no fault of Wright's the system did not function properly when completed. Wright seeks damages from the city for additional labor costs incurred to remedy the sewage system and interest on the original contract price because of the delay in payment while remedial work was being completed.

Two days after filing its answer,[1] the city sought to file a third-party complaint against the estate of Walter Middleton, pursuant to Ind. R. Tr. P. 14(A), and also moved to have the estate added as a defendant under Ind. R. Tr. P. 20(A)(2). The city's complaint against the estate alleged that Middleton had been the engineer on the sewer project and had prepared the plans which formed the basis for the contract with Wright. It further alleged that if it were established that the defects in the sewer system were attributible to defects or errors in the plans prepared by Middleton, then the city would be entitled to recover its damages from the estate, including any amount it might be required to pay Wright on the construction contract. Thus, at least part of the city's claim against Middleton was entirely contingent upon the city's ultimate liability to Wright.

Ind. R. Tr. P. 14(A) provides in part:

"A defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not

---

1. Trial Rule 14 differs from the federal rule concerning the time for filing a motion for impleader. Unless the delay in filing is so substantial as to cause hardship to opposing parties, it is not an independent consideration. The automatic filing provision is merely to avoid two hearings on the motion, one when the defendant seeks to file and another when the third-party appears. See: 3 Moore's Federal Practice, § 14.05 2.

a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* The third-party plaintiff must file the third-party complaint with his original answer or by leave of court thereafter with good cause shown. * * *." (Emphasis added)

and Ind. R. Tr. P. 20(A) (2) provides that:

"All persons may be joined in one [1] action as defendants *if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction,* occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

"* * * the defendant may make any persons who could be joined under this rule parties by alleging their interest therein * * * *as if they had been originally joined as parties.*" (Emphasis added)

The trial court denied the city's motion expressly upon the following findings:

"1) That the plaintiff's (sic) inference that the original complaint filed herein alleges that Walter F. Middleton prepared and submitted insufficient plans and specifications is a mere inference and not an alleged fact, and thus it would not appear that the allegations of plaintiff's original complaint raise such an issue as would require the estate of Walter F. Middleton to be made a party to this action.

"2) The Court further finds that there is pending between the defendant, City of Elkhart and the proposed third-party defendant, Walter F. Middleton estate, a lawsuit filed as cause 3395, Elkhart Superior Court No. 2, and now pending after Change of Venue from said Court in the Circuit Court of Kosciusko County. And that it would be more feasible for the City of Elkhart to file a cross complaint therein to join issues existing between the parties thereto. Said motion to add additional party is therefore denied."

The Court of Appeals, Third District, affirmed the trial court's decision, reasoning that the city's claim against Middleton was sufficiently related to Wright's claim against the city to satisfy the requirements of Ind. R. Tr. P. 14(A), but that the application of the rule was subject to the trial

court's discretion. Then, deciding that the trial court did not abuse its discretion, the Court of Appeals stated that "the court may have reasoned that the likelihood of confusion in adding this claim to the claims and counterclaims already in issue * * * outweigh the benefits to be derived * * *."

Working from this as a basis, the Court of Appeals proceeded to deal with the city's motion to have Middleton joined as an additional defendant under Ind. R. Tr. P. 20(A)(2) by using a "back-door" argument. It concluded that if impleader under Ind. R. Tr. P. 14 is subject to the trial court's discretion, it would be an inharmonious construction of the Trial Rules to allow the city to circumvent that discretion by interpreting Ind. R. Tr. P. 20(A)(2), so as to permit joinder as a matter of right. Accordingly, the Court of Appeals held the refusal of this motion to be within the trial court's discretion as well, and that in this case there was no abuse.

We agree initially that the use of impleader under Ind. R. Tr. P. 14, or permissive joinder under Ind. R. Tr. P. 20 is a matter within the trial court's sound discretion.[2] But, the rationale for broad trial court discretion is premised upon its position of strategic advantage for the balancing of considerations that may conflict at the trial court level, rather than upon some presumed or fancied superior ability to formulate policies of general application. The latter is our jealously guarded prerogative. Therefore, on an appeal which questions the exercise of judicial discretion it is necessary to evaluate the action of the trial court upon the reasons it specifically articulated, rather than to attribute to it some legitimate but unexpressed reason. What is usually referred to as an abuse of discretion, but which the writer prefers to call "clear error," results not only when an exercise of discretion is without reason, but also when it is based upon impermissible reasons or considerations. In other words, the question involved here is not whether a trial court may deny

2. See: 3 Moore's Federal Practice §§ 14.05, 14.06, and cases cited therein.

impleader in order to avoid trial confusion, and we do not decide whether impleader should or should not be denied under the circumstances of this case. Rather, the question in this case is whether the trial court went beyond the limits of its discretion by denying defendant's motion *for the reasons* given,[3] and we hold that it did.

It does not appear from the findings that the defendant's motion was denied because of the "likelihood of confusion," as the Court of Appeals has suggested, but rather that it was denied because the trial court doubted that the city's claim against Middleton was sufficiently related to Wright's claim against the city, and because Middleton's estate had initiated a separate action against the city, in which the city could file a counterclaim.

Looking to these express reasons given by the trial court, we can see that the first involves a question of substantive law, namely whether the city's claim against Middleton falls within the bounds of Rule 14. On this question, Dean Harvey has observed that:

> "Unfortunately the courts have also invoked discretion to rule on challenges to their jurisdiction, the legal sufficiency of the third-party claim, and whether the third-party claim is of the type contemplated by Rule 14." (Harvey, 2 Indiana Practice 86)

Unless we are to construe the Trial Rules to allow the trial court to extend or limit its own jurisdiction:

> "* * * reliance on the discretionary power given by Rule 14 is clearly wrong. Neither should the legal sufficiency of the third-party plaintiff's claim be treated as a matter of discretion, but as a question of substantive law. Finally, courts which rely on their discretion in testing whether the third-party claim is of the type contemplated by rule 14 exercise their discretion beyond the bounds of the rule which gives them that power. Rule 14 expressly limits the type of third-party claims permitted, and the courts have no power to redetermine

---

3. *Southern Railway* v. *Fox*, (5th Cir. 1964) 339 F.2d 560, *Ford Motor Co.* v. *Milby*, (4th Cir. 1954) 210 F.2d 137, *Albina Engine & Machine Works, Inc.* v. *Abel*, (10th Cir. 1962) 305 F.2d 77, *Lankford* v. *Ryder Trucks Systems, Inc.* (D.C. S. Car. 1967) 41 F.R.D. 430.

these limitations. The question whether a claim is within the rule is one of interpretation, not of discretion. If a claim is within the rule, it must be permitted unless rejected on some other ground properly within the court's discretion. Properly, the discretion permitted by Rule 14 should be exercised only in furtherance of the objectives of the rules— a 'just, speedy and inexpensive determination of every action.' " (Harvey, 2 Indiana Practice, 86)

The purpose of Ind. R. Tr. P. 14 is to permit common questions of fact to be determined in one litigation in order to avoid delay between a judgment against a party in one action and a judgment for him in a separate action, and to militate against the possibility of inconsistent results.[4] The essence of the rule derives from the situation in which the third-party defendant's liability to the original defendant is contingent upon that defendant being held liable to the original plaintiff, where the original plaintiff could not have brought suit directly against the third-party defendant.[5] Without impleader there would always be the necessity of multiple litigation requiring proof of substantially the same facts.

The nature of Ind. R. Tr. P. 20(A)(2), however, is to allow parties to be joined as defendants *if the plaintiff has a cause of action against them.* Thus, defendants may join as co-defendants *only those parties which the plaintiff could have originally named as defendants under this rule,* but for some reason chose not to.

---

4. 3 Moore's Federal Practice § 14.10, 71 Harv. L.R. 874 (1958).

5. As originally adopted, Trial Rule 14 permitted the impleader of any person who is or may be liable "with, to, or with respect to him for all or any part of the plaintiff's claim against him." The commission's comments to this section made it clear that the purpose of this language was to cover the situation in which the defendant was personally liable on a mortgage, but the property which was subject to the mortgage had been transferred to another. In effect, this would mean that the third-party owner of the mortgaged property could be impleaded even though the plaintiff could have originally proceeded against the encumbered property.

The Rule was amended in 1971 to its present form. The words "with, to, or with respect" were eliminated. (See: Harvey 2 Indiana Practice, author's comments to Trial Rule 14 as amended.) We think that the above mentioned situation will be adequately covered by Trial Rule 20. That the defendant may implead a thirty-party only on the ground that the third-party is liable to the defendant is consistent with Federal Rule 14. See: 3 Moore's Federal Practice § 14.15.

"It is to be noted that under the Indiana Rule the last sentence of part (A) permits the defendant to force joinder of persons who could have been joined as a party and were not. Thus, the defendant can force the joinder of a defendant, as a defendant in the action brought by a plaintiff, although the plaintiff did not commence his action against the defendant." (Harvey, 2 Indiana Practice 297)

This indicates a fundamental difference between Rule 20 and Rule 14, which contemplates impleading parties which the original plaintiff could not have sued.

It is doubtful that Wright could have brought suit against Middleton. Consequently, we cannot say that the trial court committed error by refusing defendant's Ind. R. Tr. P. 20(A) (2) motion. The trial courts first finding is clearly a ruling on a question of substantive law, and is therefore not within the bounds of its discretion. The second finding simply overlooks the contingent nature of the city's claim against Middleton. If Middleton is liable to the city at all, it can be only after the city is found liable to Wright. The city therefore has no matured claim which it can assert against Middleton's estate. This presents a classic case for the use of impleader.[6]

Impleader is basically a procedural device of expedience, but since certain circumstances cause it to fail in its purpose; i.e., when the addition of a party could contribute more problems than it would eliminate or alleviate, it is clear that a party cannot have his third-party claims adjudicated in the same action as of right. It is appropriate, therefore, for a trial court to consider the relative advantages of impleading a third-party as against the disadvantages which might result such as delay and complication of the trial, and the possibility that the plaintiff, third-party defendant, or both might be prejudiced. Since the recognition of the underlying right against the third-party is a matter of substantive law which exists independently of the pro-

6. *Jones* v. *Waterman S. S. Corp.*, (3rd Cir. 1946) 155 F.2d 992, *Aetna Casualty & Surety Co.* v. *Kochenour* (D.C. Pa., 1968) 45 F.R.D. 248, *Broden* v. *Bowles* (D.C.D.C., 1964) 35 F.R.D. 13.

cedural device, however, it is inappropriate for the exercise of discretion to embrace these underlying substantive questions.

Transfer is granted. The decision of the Court of Appeals, Third District, is hereby vacated, and the cause is remanded to the trial court for further proceedings consistent with the considerations set forth herein.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 356 N.E.2d 207.