**ALUMAX EXTRUSIONS, INC., Appellant (Defendant Below),**

v.

**EVANS TRANSPORTATION COMPANY, MONON TRAILER DIVISION, Appellee (Plaintiff and Counterdefendant Below),**

**and**

**Roadway Express, Inc., Appellee (Cross-Defendant Below).**

**No. 3–1083A341.**

Court of Appeals of Indiana, Third District.

April 19, 1984.

John W. Barce, Barce, Sammons, Vann, Blaney, Ryan & Casey, Fowler, Michael J. Leech, William J. Holloway, Donald J. O'Meara, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for appellant.

Robert L. Bauman, John R. Gambs, Heide, Gambs & Mucker, Lafayette, R.R. McMahan, Stephen M. Murray, William J. White, Lord, Bissell & Brook, Chicago, Ill., for appellee Evans Transp., Inc.

HOFFMAN, Judge.

The dispute at issue involves: Alumax Extrusions, Inc., a company engaged in the business of fabricating aluminum structural components; Evans Transportation Co.,

a company engaged in the business of manufacturing truck trailer bodies; and Roadway Express, Inc., a freight, trucking company. From 1976 through 1980 Alumax provided the Monon Trailer Division of Evans with components for incorporation into truck trailer bodies. Evans in turn manufactured these truck trailer bodies and sold them to Roadway. Some time later structural defects began to appear in the truck trailers.

Early in 1981 Roadway filed a claim for damages against Evans in Federal District Court in Illinois seeking $70 million. Evans joined Alumax as a defendant and later agreed to dismiss Alumax. Subsequently, Evans entered into a settlement agreement with Roadway. The terms of this agreement provided that Evans would repair, recondition, and replace the damaged Roadway trailers as necessary. Evans also agreed to pay Roadway $1 million as well as sign a note for $3.7 million. The agreement provided that Evans would file a claim against Alumax to recover its losses and any recovery would first be used to pay the note held by Roadway. In return Roadway tendered Evans a covenant not to sue.

Then in November of 1982 Evans filed a complaint against Alumax in White Circuit Court seeking to recover $65 million in damages. The damage claim reflected the expenses incurred in the settlement agreement as well as a claim for punitive damages. In December of 1982 Roadway filed a complaint against Alumax in Federal District Court of Illinois seeking to recover $75 million in damages. This claim for damages reflected losses suffered in excess of the settlement claim with Evans as well as punitive damages.

Then began a series of procedural moves in an attempt to place the case in a more positive posture for Alumax. Venue for the Evans' suit was changed to Benton Circuit Court. Alumax moved to interplead both parties in the federal court action brought by Roadway. Alumax also moved that the federal court cause of action be dismissed for lack of diversity jurisdiction. While these motions were pending Alumax moved to have Evans' suit dismissed under Ind.Rules ·of Procedure, Trial Rule 4.4(C).

■ These tactics failing Alumax filed a cross-complaint and counterclaim in an attempt to include Roadway in the litigation instituted by Evans. In this pleading Alumax invoked Trial Rule 20 in an attempt to join Roadway as a party to the suit and Trial Rule 22, as an alternative theory, to interplead Roadway as a party to the Evans' lawsuit. Evans and Roadway moved the court to dismiss the Alumax cross-complaint and counterclaim. These motions were granted by the trial court and Alumax' cross-complaint and counterclaim were dismissed. This appeal results.

Two issues are presented for review on appeal:[1]

(1) whether the trial court erred in refusing to allow Alumax to join Roadway to the instant litigation pursuant to T.R. 20; and

(2) whether the trial court erred in refusing to allow Alumax to interplead Roadway in the instant cause of action pursuant to T.R. 22.

The essence of Alumax' argument in regard to both issues can be summed up as follows. Alumax argues the joinder and interpleader rules should be read broadly to allow a defendant a chance to join all parties who may have a claim arising out of the facts in one cause of action. It is Alumax' contention that under the circumstances it could be liable for two judgments which would permit a double recovery on the same facts and circumstances. As the

---

1. Evans argues the cross-complaint and counterclaim filed by Alumax were also properly denied for the reason they state an impermissible cause of action. Specifically, it is Evans' contention that Alumax is seeking declaratory relief, a cause of action not allowed in tort actions situated as the case at bar. This argument is in error. The cross-complaint and counterclaim do request the court determine the rights and obligations of the parties. However, such language tracks the wording of the joinder statute and as such is proper. *See, Klingbeil Co. v. Ric-Wil, Inc.,* (1982) Ind.App., 436 N.E.2d 843.

joinder and interpleader rules specifically provide for their application in order to avoid such an unfair result, the trial court should not have dismissed Alumax' cross-complaint and counterclaim.

The broadest possible reading should be given T.R. 20 in order to promote and protect efficient disposition of litigation which may affect all parties. This is especially true in light of Trial Rules 20(B) and 42(B) which allow for separate trials once all parties and claims have been joined, thereby protecting joined parties from confusion and prejudice. *Gumz v. Starke Co. Farm Bureau Coop.*, (1979) 271 Ind. 694, 395 N.E.2d 257; *Rembold Motors, Inc. v. Bonfield*, (1973) 155 Ind. App. 422, 293 N.E.2d 210. A determination of whether or not permissive joinder should be granted rests within the trial court's exercise of sound judicial discretion.

"Therefore, on an appeal which questions the exercise of judicial discretion it is necessary to evaluate the action of the trial court upon the reasons it specifically articulated, rather than to attribute to it some legitimate but unexpressed reason." *City of Elkhart v. Middleton, Admr. et al.*, (1976) 265 Ind. 514, at 518, 356 N.E.2d 207, at 210.

The language of T.R. 20(A) is essentially identical to that of the joinder provision in the Federal Rules of Civil Procedure. Thus, federal decisions on this issue may provide valuable guidance, especially in light of the dearth of decisions on this matter by Indiana courts.

Trial Rule 20(A) states:

"Permissive joinder.

(1) All persons may join in one [1] action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

(2) All persons may be joined in one [1] action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities. Unwilling plaintiffs who could join under this rule may be joined by a plaintiff as defendants, and the defendant may make any persons who could be joined under this rule parties by alleging their interest therein with a prayer that their rights in the controversy be determined, along with any counterclaim or cross-claim against them, if any, as if they had been originally joined as parties."

While there is no hard rule for determining when joinder should be granted by the trial court, there are several factors which should be considered. First and foremost, the claim must arise out of the same transaction or occurrence relating to all parties. Next, there must be questions of law and fact common to all parties to be joined in the action.

Once these requirements have been met the trial court must consider several balancing factors: First, the plaintiff has the right to choose who he wants to sue. Second, it is in the parties' and the courts' interest to avoid circuitous and multiple lawsuits. Finally, can the trial court provide complete, effective relief to the parties in one action without being unfair to the party who is joined or the parties who did not seek joinder? *Bakia v. County of Los Angeles of State of Cal.* (9th Cir.1982) 687 F.2d 299.

In the case at bar Alumax, Evans, and Roadway were bound together through their respective contractual dealings in the stream of commerce. This set of dealings sufficiently establishes a set of transac-

tions or occurrences common to all parties. Further, common questions of law and fact as to each party's correlative rights and obligations abound. If this were not so Roadway and Evans would not both be bringing actions against Alumax alleging liability for defects in the trailers due to the parts supplied by Alumax. It is helpful to note several federal decisions involving similar factual circumstances and legal theories allowed joinder. *Mississippi Val. Struc. Steel Co. v. Huber, Hunt & Nichols, Inc.* (S.D., N.D.Ill.1969) 295 F.Supp. 139; *Benson Manufacturing Co. v. Bell Telephone Company of Pa.* (E.D.Pa.1964) 35 F.R.D. 29. *See especially, Hanes Dye and Finishing Company v. Caisson Corporation* (M.D.N.C.1970) 309 F.Supp. 237.

As stated earlier the trial court has broad discretion when determining whether or not to grant a party's joinder request. This Court reviews the trial court's decision only for an abuse of discretion based upon the specifically articulated reasons given by the trial court for its determination. In the case at bar there are no specifically articulated reasons given in support of the trial court's determination. Furthermore, common questions of law and fact predominate this action and render joinder extremely important in order to provide efficient justice and protect Alumax from a multiplicity of actions and overlapping liability based upon the same claimed injury.

For the reasons stated above the decision of the trial court is reversed.

Reversed.

STATON, P.J., and GARRARD, J., concur.