Garry E. **EULER, Greenland Division, Ashland Oil, Inc., Appellants (Defendants Below),**

Benjie A. **Steward, Howard Martin, Inc., Ronald E. Swinford and Weitzel Construction Company, Inc., Defendants,**

v.

The **SEYMOUR NATIONAL BANK As Personal Administrator of the Estate of Raymond H. Meurer, Deceased, Appellee (Plaintiff Below).**

No. 47A04–8704–CV–111.

Court of Appeals of Indiana, Fourth District.

March 2, 1988.

Robert F. Wagner, Judith A. Stewart, Lewis, Bowman, St. Clair and Wagner, Indianapolis, for appellants.

W. Brent Gill, Roger L. Pardieck, Pardieck, Gill & Pennington, Seymour, Patrick S. McSoley, Steele, Steele & Steele, Bedford, for appellee.

MILLER, Presiding Judge.

Garry Euler and Ashland Oil, Inc. ("Euler") have filed this interlocutory appeal asserting that the trial court improperly denied their motion for joinder and interpleader. We affirm.

In June of 1983, a multi-vehicle collision occurred on Interstate 65 in Jackson County. Ronald Swinford was traveling south in a truck owned by his employer, Weitzel Construction Company, when the truck began to emit dense smoke. Upon encountering the smoke, Garry Euler, who was driving a semi truck owned by his employer, Ashland Oil Co., Inc., applied his brakes and was struck in the rear by a pick-up truck owned by Raymond Meurer and occupied by Meurer and John Koling. The Meurer vehicle was then struck in the rear by a semi truck owned by Howard Martin, Inc. and operated by Benjie Steward. The Meurer vehicle overturned and Meurer was killed and Koling sustained serious injuries.

On May 22, 1984, Seymour National Bank (Seymour Bank), as Personal Administrator of the Estate of Meurer, filed a wrongful death action in Lawrence Circuit Court against Euler, Ashland, Benjie Steward, Howard Martin, Inc., Ronald Swinford, and Weitzel Construction Company, Inc. Koling was not involved in the Lawrence County action. Instead, he and his wife, Carolyn, filed an action in November of 1985 in Federal District Court against the same defendants. In the state court action, Defendant Euler filed motions to join and interplead the Kolings. The trial court denied the motions and we accepted Euler's interlocutory appeal.

Euler contends that joinder or interpleader should have been granted under Ind. Rules of Procedure, Trial Rules 19(A)(2)(b), 20 and 22. We disagree. Trial Rule 19(A)(2)(b) provides as follows:

(A) *Persons to Be Joined if Feasible.* A person who is subject to service of process shall be joined as a party in the action if:

\* \* \* \* \* \*

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

\* \* \* \* \* \*

(b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Euler claims that the Kolings are indispensible parties. He specifically contends that a failure to join the Kolings might subject him to inconsistent obligations if both John Koling and Meurer are found to have been

the passengers rather than the driver of the Meurer vehicle. We find this argument to be purely speculative. "Such speculation is not sufficient to satisfy the requirements of Trial Rule 19(A)." *Grove v. Thomas* (1983), Ind.App., 446 N.E.2d 641, 643.

In addition, Euler has not demonstrated that the Kolings claim such "an interest in the subject of the present action" to subject them to compulsory joinder. Although the Kolings, like Seymour Bank, are making a claim for personal injuries against the same defendants, they have no stake in the Seymour Bank case and will in no way be affected by its outcome.

Rather, the Kolings' general interest in the subject of the Seymour Bank litigation is ostensibly that of a proper party[1] who may be permissibly joined under Trial Rule 20. "A proper party has been defined as a party which does not have an interest in the controversy between the immediate litigants but who has an interest in the subject matter of the litigation which may be conveniently settled in the suit." 2 Harvey, W., *Indiana Practice* § 20.1, p. 251 (2d ed. 1987) *citing Lumbermens Mut. Casualty Co. v. Borden Co.* (S.D.N.Y. 1965), 241 F.Supp. 683; *Division 525, Order of Railway Conductors of America v. Gorman* (8th Cir.1943), 133 F.2d 273. Trial Rule 20(A) provides:

(A) *Permissive joinder.*

(1) All persons may join in one [1] action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

(2) All persons may be joined in one [1] action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities. Unwilling plaintiffs who could join under this rule may be joined by a plaintiff as defendants, and the defendant may make any persons who could be joined under this rule parties by alleging their interest therein with a prayer that their rights in the controversy be determined, along with any counterclaim or cross-claim against them, if any, as if they had been originally joined as parties.

We may review the trial court's action on a motion for permissive joinder or interpleader only for an abuse of discretion.[2] *City of Elkhart v. Middleton* (1976), 265 Ind. 514, 356 N.E.2d 207. Certain factors should be considered when determining whether the trial court abused its discretion by denying a motion for permissive joinder. First, the claim must arise out of the same transaction or occurrence. Second, there must be questions of law and fact common to all parties to be joined in the action. *Alumax Extrusions, Inc. v. Evans Transportation Co.* (1984), Ind. App., 461 N.E.2d 1165, 1168. There is little doubt that these factors weigh in favor of joinder in this case. However, once the foregoing factors have been considered, the

---

1. Although Rule 20 itself does not use the term "proper party," the literature on joinder uses that term in reference to parties who may be permissibly joined under Rule 20. 2 Harvey, W., *Indiana Practice* § 20.1, p. 250 (2d ed. 1987).

2. We note that Euler's interpleader claim is waived for failure to cite authority. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7). Even absent waiver, an interpleader action typically involves a neutral stakeholder, usually an insurance company or a bank, seeking apportionment of a common fund between two or more parties claiming an interest in it. *See* Black's Law Dictionary, p. 733 (5th ed. 1979). *See also Indianapolis Colts v. Mayor & City Council of Baltimore* (7th Cir.1984), 733 F.2d 484. The trial court therefore acted within its discretion in denying Euler's motion for interpleader.

trial court must consider several balancing factors:

> First, the plaintiff has the right to choose who he wants to sue. Second, it is in the parties' and the courts' interest to avoid circuitous and multiple lawsuits. Finally, can the trial court provide complete, effective relief to the parties in one action without being unfair to the party who is joined or the parties who did not seek joinder? *Bakia v. County of Los Angeles of State of Cal.* (9th Cir.1982) 687 F.2d 299.

*Alumax, supra* at 1168.

The Kolings have chosen to sue Euler in federal court. A plaintiff has the right to select an appropriate forum in which to litigate his claim and, once he has selected that forum, his choice should be given great weight. *Micheel v. Haralson* (E.D. Pa.1983), 586 F.Supp. 169. The effect of joinder in this case would be to remove the Kolings from their chosen federal forum. 28 U.S.C. § 1441 provides for removal of state actions to federal court. "(T)he right of removal probably was designed to protect nonresidents from the local prejudices of state courts." 14 C. Wright, A. Miller and E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3721, p. 515 (1976). Neither the Federal removal statute nor the Indiana joinder rules, however, contemplate removing a plaintiff from federal court to state court. Moreover, the Indiana statutes regarding removal or "transfer" of cases do not contemplate such a maneuver. Rather, they provide only for transfer of cases from one state court to another, *e.g.*, from Circuit to Superior Court. See IND. CODE 34–2–11–1 et seq.

Euler relies on *Alumax Extrusions, Inc. v. Evans Transportation Co.* (1984), Ind. App., 461 N.E.2d 1165 as a basis for removing a plaintiff from federal court pursuant to the joinder rules. In that opinion Judge Hoffman noted that the defendants utilized several procedural maneuvers in an attempt to combine the various causes of action, including a motion to dismiss the federal action for lack of diversity. Although not reflected in that opinion, a re-view of the Appellate Briefs filed in *Alumax* indicates that the federal action had in fact been dismissed for lack of diversity. (*Alumax, supra* Appellants' Brief at 8; Appellees' Brief at 3–4.) Thus, at the time the *Alumax* trial court acted on the motion for joinder, there was no federal action pending. In this case, however, the Kolings' federal action was pending at the time the trial court denied Euler's motion for joinder. It therefore was an appropriate factor to be considered when determining the propriety of joining the Kolings in the Seymour Bank action. Because joinder would have the unfair effect of removing the Kolings from their chosen federal forum, we conclude that the trial court acted within its discretion in denying Euler's motion.

Accordingly, we affirm.

CONOVER, J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

I dissent.

Unlike Federal Trial Rule 20, the Indiana Rule contains the following provision:

> "[T]he defendant may make any persons who could be joined under this rule parties by alleging their interest therein with a prayer that their rights in the controversy be determined, along with any counterclaim or cross-claim against them, if any, as if they had been originally joined as parties."

Under this provision and in light of the substantial risk of multiple liability upon inconsistent claims by Meurer's representative on the one hand and the Kolings on the other, the trial court abused its discretion in denying joinder. *Alumax Extrusions, Inc. v. Evans Transportation Co.* (1984) 3d Dist.Ind.App., 461 N.E.2d 1165. The subsequent filing of the federal lawsuit and its pendency do not militate against application of Indiana's joinder rule.

I would reverse and direct the trial court to permit joinder.