IN RE THE MARRAGE OF EDITH MILES AND FRANK D. MILES, JR.

[No. 3-875A177. Filed April 26, 1977. Rehearing denied June 2, 1977. Transfer denied October 31, 1977.]

*Leonard V. Campanale,* of Mishawaka, for appellant.

*Thomas P. Loughlin, William T. Means,* of Mishawaka, for appellee.

GARRARD, J.—This was an action for dissolution of marriage. The wife appeals from the court's decision as to division of property alleging that the judgment does not conform to the findings and conclusions entered by the court pursuant to Indiana Rules of Procedure, Trial Rule 52(A), and that under the evidence the division made was an abuse of discretion. We affirm.

Following trial and pursuant to a proper request under TR. 52(A), the court under the caption "Findings of Fact" entered seventeen (17) separately numbered findings relating to the evidence heard at trial. None of these findings have been expressly attacked on appeal, and the transcript discloses evidence to support each of them.

Following these seventeen paragraphs under the caption "Conclusions of Law" the court entered the following:

"1. The marriage of the parties is irretrievably broken and ought to be dissolved.

2. Because of the long-term marriage of the parties, the fact that their children are all emancipated, that they are both in reasonably good health and are gainfully employed, a division of their property should be made between them on an equal basis, with proper regard for the substantial contribution made by the wife from out of her inheritance, over and above what otherwise would be an equal division thereof, with further regard being given to Husband's present support delinquency."

The court then entered judgment dissolving the marriage and distributing the specific assets of the parties. Personal assets valued at $3410 were distributed to the wife, and the husband was awarded personal assets valued at $3275. The residence which the parties had owned as tenants by the entireties was awarded to them equally as tenants in common. It was subject to a mortgage with an unpaid balance of approximately $15,000, but there existed prepayment on the account of approximately $1800. In addition the court awarded to the wife all interest in a parcel of real estate inherited from her father which had been sold under a conditional sale contract. The outstanding balance of the purchase price under this contract was approximately $5700.

In findings numbered 7, 8, 9 and 13 the court determined that when the wife's father died the balance owed on the land contract had been approximately $8000 and that $4500 of the principal and interest subsequently received by the wife had been applied to the mortgage payments on the residence. In these findings the court determined that the wife had also received an additional $11,852 from this estate and life insurance. Of this, $1350 had been paid for the father's funeral expense, and $3850 had been used to purchase a snowmobile, a boat and trailer, and a mink stole. The balance was "apparently frittered away in one manner or another."[1]

---

1. It was one of the husband's contentions at trial that the wife was an improvident spender.

In turning to the wife's first contention we note that our rules of civil procedure no longer require the court to enter "conclusions of law" as was the former practice.[2] TR. 52(A) does, however, provide that when special findings are required,

> "the court . . . shall find the facts specially and *state its conclusions thereon.*" (emphasis added)

It is the stated purpose of our trial rules to secure the just, speedy and inexpensive determination of every action. To that end TR. 52 must be construed as abolishing the old highly technical distinctions and treacherous consequences which attended the consideration of whether a "finding" was an evidentiary fact, an ultimate fact, a conclusion of fact or a conclusion of law.[3]

On the other hand, the purpose of special findings is to provide the parties and reviewing courts with the theory on which the judge decided the case in order that the right of review for error may be effectively preserved. *Miller* v. *Ortman* (1956), 235 Ind. 641, 136 N.E.2d 17. (*See, also,* the numerous decisions dealing with the necessity of findings in judicial review of administrative proceedings.) Thus, whether the findings are adequate depends upon whether they are sufficient to disclose a valid basis under the issues for the legal result reached in the judgment. In making this determination a reviewing court will accept the findings made by the trial court if they are supported by evidence of probative value. *Miller* v. *Ortman, supra; First Nat'l Bank of Mishawaka* v. *Kamm* (1972), 152 Ind. App. 353, 283 N.E.2d 563. Furthermore, on appeal the findings will be construed together and will be liberally con-

2. As the Civil Code Study Commission comment to Rule TR. 52(A) notes, "Notoriously, this requirement always has been a formality and it has been eliminated." Under the prior requirement it was not only sufficient if the court simply concluded the law was with the plaintiff or defendant, as the case might be, but such a conclusion generally rendered all other conclusions which may have been entered surplusage. *See, e.g., Miller* v. *Ortman* (1956), 235 Ind. 641, 136 N.E.2d 17.

3. *See,* 2 Gavit, *Indiana Pleading & Practice,* § 432, pp. 2365, 2366.

strued in support of the judgment. *Scott* v. *Kell* (1956), 127 Ind. App. 472, 134 N.E.2d 828, *trf. den.* 141 N.E.2d 406; TR. 52(A).[4]

Yet where, as here, the outcome is not mandated by an established rule of law but, instead, the decision rests within the discretion of the court, we must reverse if the decision is not consistent with the findings and conclusions or if the reasons given are insufficient as a matter of law to justify the manner in which the court exercised its discretion. The reason arises from the fact that the court does have discretion. If the reason given by the court is not a valid basis for a particular exercise of discretion, it can be no more than conjecture on our part that once the court recognizes the invalidity of its original reason it will reach precisely the same exercise of discretion for other reasons. Our Supreme Court recently so held in *City of Elkhart* v. *Middleton* (1976), 265 Ind. 514, 356 N.E.2d 207. Similarly, if the findings and conclusions entered by the court, when construed most favorably toward the judgment, are nevertheless clearly inconsistent with it, the decision must be set aside regardless of whether there was evidence adduced at trial which would have been sufficient to sustain the decision. To hold otherwise would negate the primary purpose of special findings.

The statute governing distribution of property upon a marriage dissolution, IC 1971, 31-1-11.5-11 provides that "the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner. . . ."

"In determining what is just and reasonable the court shall consider the following factors:

---

4. TR. 52(A) states in part, "the court on appeal shall not set aside the findings *or judgment* unless clearly erroneous. . . ." (emphasis added)

    (a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

    (b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

    (c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

    (d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

    (e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

IC 1971, 31-1-11.5-11.

We turn now to the wife's assertions of error. Her first contention is that the judgment is not consistent with the second conclusion entered by the court.[5] The question is whether the division made is compatible with the conclusion that the property should be divided,

". . . on an equal basis, with proper regard for the substantial contributions made by Wife from out of her inheritance, over and above what otherwise would be an equal division thereof, with further regard being given to Husband's present support deficiency."

. Upon the unchallenged values assigned to the personal property, the distribution order granted the wife an amount over he husband's share which approximately equalled the $145 support deficiency.

The other overplus received by the wife was the remaining interest in the conditional sale contract which was valued at

---

5. As previously noted, TR. 52(A) provides for stating conclusions upon the court's findings, and the court did state the conclusion in question. We therefore must disregard the fact that the conclusions were erroneously presented under the caption "Conclusions of Law." *Cf. State ex rel. Morvilius v. State* (1960), 241 Ind. 199, 170 N.E.2d 825.

$5700. Of this value she would have been entitled to one half ($2850) simply on the basis of equal division. Since the burden to establish error is on the wife and the judgment may not be reversed unless "clearly erroneous" the question becomes whether the award of the additional $2850 is clearly not consistent with the conclusion that the wife receive "proper regard for the substantial contributions made." It must first be noted that the conclusion is stated in terms of her contribution from the inheritance and not the inheritance itself. Clearly the court determined that the payment of $4500 toward the mortgage was such a contribution. However, wife received the benefit of one half that sum through the equal division portion of the order. The court found that from the inheritance, money was expended to purchase a snowmobile; a boat, motor and trailer; and a mink stole. The stole is not listed in the property order. The snowmobile, boat, motor and trailer had a total value of $1500 at the time of the dissolution. Presumably, both parties enjoyed the benefit of these items during the marriage and while the items were depreciating. They do, however, represent an additional $750 value created by the wife from her inheritance over what she would receive through an order of equal distribution. When thus analyzed, and applying the established rules of law, the issue presented by the assigned error is this: Applying all intendments in favor of the judgment, does it clearly appear that awarding the wife an overplus of $2850 is inconsistent with the conclusion to give "proper regard" for her separate contributions which created an additional value to the marital estate of $3000? Considering the impreciseness of the phrase and character of the assets, we are unable to find the judgment clearly erroneous.[6]

The wife's second contention is that, in any event, the

---

6. The finding on the land contract was the unpaid principal balance. No finding was made of the actual value considering the interest rate and other factors attending ownership thereof. Nor is there a finding as to whether the residence had appreciated or depreciated in value.

judgment was clearly against the logic and effect of the facts and circumstances before the court and was therefore contrary to law as an abuse of discretion. Two specifications are made in support of the claimed abuse. The first is that considering the joint contributions made throughout the marriage, an abuse is demonstrated by the court's failure to grant more to the wife because of her inheritance. The second urges that the court failed to give proper weight to the fact that since the separation the husband had been able to save about $2350 while the wife had gone in debt about $2900. Again, since none of the court's findings were challenged, we will not go behind them for purposes of our review.

The parties had been married for twenty-two years. While the wife received several thousand dollars through the death of her father, all but the $4500 applied to the mortgage was simply spent by the parties. In addition the court found that for a year the parties supported the wife's mother and father and that after the mother's death, the wife's father returned and lived with the parties until his death. Also the court found that during the father's lifetime the wife made three solo trips back to Germany to visit relatives. She made another such trip after her parents died. At the time of the dissolution both parties were employed. The husband earned $5.97 per hour, the wife $5.38.

We cannot say under these circumstances that the court abused its discretion in failing to award the wife a greater share of the assets. Nor do we find an abuse of discretion in the court's distribution order which, apart from the exceptions already discussed, divided the property equally even though the wife had gone in debt and the husband had been able to save a portion of his earnings after the separation. See, IC 1971, 31-1-11.5-11.

We therefore affirm.

Hoffman, J., concurs; Staton, P.J., dissents and files separate opinion.

### DISSENTING OPINION

STATON, P.J.—I dissent. A motion for specific findings of fact under Ind. Rules of Procedure, Trial Rule 52 (A) had been made. The parties were entitled to a specific finding on how their property would be divided between them. This finding was made. It was mislabeled as a "conclusion of law," but it was actually Finding Eighteen. In the light of Finding Eighteen, the judgment is clearly erroneous as to the final division of property between the parties. Therefore, I would reverse the trial court's judgment with instructions to vacate the judgment on the division of property and enter a judgment which would conform with Finding Eighteen and the dissenting opinion which follow.

Finding Eighteen is as follows:

"2. Because of the long-term marriage of the parties, the fact that their children are all emancipated, that they are both in reasonably good health and are gainfully employed, a division of their property should be made between them on an equal basis, with proper regard for the substantial contributions made by Wife from out of her inheritance, over and above what otherwise would be an equal division thereof, with further regard being given to Husband's present support deficiency."

The critical prepositional phrase in the above Finding is: ". . . *with proper regard for the substantial contributions made by Wife from out of her inheritance.* . . ." (Emphasis added). The clear, unequivocal import of this phrase is that the trial court considered the Wife's inheritance separate from the property to be divided between the parties and that it intended to give her some credit for ". . . contributions made by Wife from out of her inheritance. . . ." This clear, unequivocal meaning is further reinforced by the conditions set forth by the trial court in its Finding: ". . . *over and above what otherwise would be an equal division thereof.* . . ." (Emphasis added). The Wife's inheritance was obviously intended to be

considered separate or ". . . over and above what otherwise would be an equal division . . ." of the joint property held by the Miles. But, this obvious guideline and criteria was not followed by the trial court; therefore, its judgment is clearly erroneous and should be reversed.

The majority opinion has completely disregarded Finding Eighteen. It refers only to the seventeen findings of the trial court and concludes that no objection was made as to these findings. Finding Eighteen which was objected to by the Wife is just as much a part of the judgment as the other labeled findings of the judgment. If every judgment was held to its labels instead of its substance, many injustices would be senselessly created. Blind allegiance to labels requires no reasonable rationale for the trial court's actions.

The majority opinion's "overplus" theory which is intended to justify the trial court's division of the property in light of the seventeen findings fails the test of logic and TR. 52(A). It fails the test of logic in that it starts with a false premise— that Finding Eighteen is not part of the. judgment. It does not attempt to reconcile the language used by the trial court in Finding Eighteen. Its "overplus" theory fails under TR. 52(A) for the simple reason that without Finding Eighteen, there is no specific finding of fact as to the actual division of the property to be divided between the parties.

. The majority opinion presumes that the use of discretion obviates the need for stating a specific finding of fact under TR. 52(A). It states: "If the reason given by the court is not a valid basis for a particular exercise of discretion, it can be no more than conjecture on our part that once the court recognized the invalidity of its original reason it will reach precisely the same exercise of discretion for other reasons." The majority cites *City of Elkhart* v. *Middleton* (1976), 265 Ind. 514, 356 N.E.2d 207 in support of this proposition. *City of Elkhart* does not support this proposition. It supports a rationale quite different. It supports a rationale

which limits discretion. Justice Prentice wrote in *City of Elkhart:*

> ". . . Therefore, on an appeal which questions the exercise of judicial discretion it is necessary to evaluate the action of the trial court upon the reasons it specifically articulated, rather than to attribute to it some legitimate but unexpressed reason. What is usually referred to as an abuse of discretion, but which the writer prefers to call 'clear error,' results not only when an exercise of discretion is without reason, but also when it is based upon impermissible reasons or considerations. In other words, the question involved here is not whether a trial court may deny impleader in order to avoid trial confusion, and we do not decide whether impleader should or should not be denied under the circumstances of this case. Rather, the question in this case is whether the trial court went beyond the limits of its discretion by denying defendant's motion *for the reasons* given, and we held that it did. . . ." (Original emphasis; footnote omitted.) *Id.* at 211.

The trial court set aside to the Wife, Edith Miles, the real property inherited from her father in a separate paragraph of the judgment. This separate treatment does not show an "overplus" division of joint property, but the clear, unequivocal intent of the trial court as expressed in its Finding Eighteen to set aside to the Wife her inheritance before continuing with the division of personal property. The trial court further acknowledged Finding Eighteen by giving the Wife $145.00 more personal property value than the Husband. (Finding Eighteen: ". . . with further regard being given to Husband's present support deficiency.") The $145.00 was the Husband's present support deficiency. What the trial court ignored in its Finding Eighteen was any ". . . proper regard for the substantial contributions made by Wife from out of her inheritance, over and above what otherwise would be an equal division thereof. . . ."

The substantial contributions made by the Wife from out of her inheritance included $4,500.00 on the mortgage of their home which was distributed to the Husband and Wife as tenants in common by the trial court without any *proper*

*regard.* In addition to the mortgage payments, the Wife purchased a snowmobile out of her inheritance which cost $1,200.00, and a boat and trailer which cost $2,200.00. There was some money which was spent by the Wife out of her inheritance which could not be accounted for and was referred to by the trial court as "apparently frittered away in one manner or another."[1]

The trial court's judgment did not give any ". . . proper regard for the substantial contributions made by Wife from out of her inheritance, over and above what otherwise would be an equal division . . ." of their joint property. The trial court was bound by its Finding Eighteen to give some proper regard to the $15,752.00 paid out of the Wife's inheritance.[2] The separate parcel of real estate held by her father before his death was never contributed out of her inheritance to

---

1. The Wife received the following inheritance:

| | | |
|---|---|---|
| Land Contract (value at father's death) | | $ 8,000.00 |
| Cash received at father's death and placed in joint bank account | | 8,500.00 |
| Insurance proceeds at father's death | | 3,352.00 |
| | | 19,852.00 |
| Less: | | |
| Funeral expenses | $1,350.00 | |
| Payment on mortgage | 4,500.00 | |
| Snowmobile | 1,200.00 | |
| Boat and trailer | 2,200.00 | |
| Mink stole | 450.00 | |
| | 9,700.00 | 9.700.00 |
| | | 10,152.00 |
| Adjusted for equity retained in Land Contract—$8,000.00 less $5,700.00 | | 2,300.00 |
| Balance of inheritance not accounted for in distribution | | $ 7,852.00 |

2. 

| | |
|---|---|
| Mortgage | $ 4,500.00 |
| Snowmobile | 1,200.00 |
| Boat and trailer | 2,200.00 |
| Contributed but unaccounted for | 7,852.00 |
| | $15,752.00 |

the joint property of the parties except for the contract payments of $4,500.00 which were applied to the mortgage on the home of the parties.

I would reverse the judgment of the trial court with instruction to vacate that part of the judgment which deals with the division of property consistent with the trial court's original findings and this opinion.

NOTE.—Reported at 362 N.E.2d 171.