MALBIN & BULLOCK, INC., Appellant (Defendant below),

v.

Thomas HILTON, Appellee (Plaintiff below).

No. 1–578A106A.

Court of Appeals of Indiana, First District.

April 11, 1979.

Robert A. Garelick and William M. Pope of Maurer, Garelick, Cohen & Frank, Indianapolis, for appellant.

Kent M. Frandson, Lebanon, Thomas E. Q. Williams, Greenfield, for appellee.

ROBERTSON, Judge.

Thomas Hilton (Hilton) was the lessee of Malbin and Bullock, Inc. (M & B, Inc.) at certain premises in Indianapolis from 1968 until May of 1975 when he was removed. Mr. Hilton ran a retail boat sales store on the premises. In August of 1974, the building used for the store was partially burnt down. Mr. Hilton informed Robert Malbin of the corporation. M & B, Inc. had been holding the land and building essentially for potential use as a site for the corporation's furniture stores, and was unconcerned about the present buildings on the land. Thus, they were uninsured. The trial court found that Mr. Malbin agreed to allow Mr. Hilton to rebuild the premises. Hilton alleged in his complaint that Malbin agreed that Hilton would be compensated either through lower rent or through a lower purchase price. However, the trial court made no finding on the compensation issue.

In the meantime M & B, Inc., which operated a furniture store chain, had its one million dollar inventory note called by its creditor-bank. The corporation was forced to essentially liquidate all its assets, although it is unclear that the corporation was actually dissolved. Apparently, in order to carry out this function the assets of M & B, Inc. were transferred to RB&C Co. in February of 1975. RB&C Co. had two partners, Malbin & Bullock, the same and only shareholders of M & B, Inc. It must be noted, however, that the only documentary evidence we have in regard to the land in question is the corporate deed from M &

B, Inc. to Malbin & Bullock as individuals (Feb. 21, 1975). No indication of the partnership is apparent from the deed.

Not receiving the lease from Mr. Malbin and not being able to purchase the land outright, Hilton presented an invoice of the materials and labor for the work done. Not being paid, a mechanic's lien was filed and suit brought on November 7, 1975.

In the meantime, Malbin & Bullock sold the property in question on January 12, 1976. The purchasers and sellers created an escrow amount for $10,984 which was to be used to pay Hilton if he won his mechanic's lien suit and given to Malbin & Bullock, as individuals, if Hilton did not win the suit.

In the meantime, a second count was added to the suit against Malbin individually on the theory of unjust enrichment. This count was the only one to prevail; the mechanic's lien count failed because of time deadline requirements.

Judgment was had against M & B, Inc. only and proceedings supplemental were had to determine if Hilton could garnish the escrow amounts. The court found that it could and M & B, Inc. brought this appeal.

Malbin and Bullock raise as an issue an alleged inconsistency between the findings of fact and conclusions of law made by the trial court concerning their liability on the complaint brought by Hilton. The relevant findings and conclusions read as follows:

### FINDINGS OF FACT

2. That a fire substially [sic] destroyed the premises of Malbin & Bullock, Inc. at 7945 Pendleton Pike, Indianapolis, Indiana in August, 1974.

3. That the Defendant Robert Malbin, acting for Malbin & Bullock, Inc., agreed for Thomas Hilton to make such improvements, and in reliance thereon, the Plaintiff, Thomas Hilton, purchased goods and materials to rebuild the premises in the amount of $13,384.11.

4. That judgment should be entered in favor of Thomas Hilton, and against Malbin & Bullock, Inc. in the amount of $13,384.11 . . . ..

**1334**

## CONCLUSIONS OF LAW

1. That the Defendants, Malbin & Bullock, Inc., are indebted to the Plaintiff, Thomas Hilton, in the amount of $13,384.11 for the unjust enrichment of such defendants by plaintiff.

2. That judgment should be entered in favor of Thomas Hilton and against Malbin & Bullock, Inc. in the amount of $13,384.11.

■ While findings will be construed together and will be liberally construed in support of the judgment, *In re Marriage of Miles* (1977), Ind.App., 362 N.E.2d 171, 174; *Scott v. Kell* (1956), 127 Ind.App. 472, 134 N.E.2d 828, it also has been generally held that nothing can be added to a special finding of fact by presumption, inference or intendment. *Cook v. Michigan Mutual Liability Co.* (1972), 154 Ind.App. 346, 289 N.E.2d 754. We also note that,

> the purpose of special findings is to provide the parties and reviewing courts with the theory on which the judge decided the case in order that the right of review for error may be effectively preserved. . . . [W]hether the findings are adequate depends upon whether they are sufficient to disclose a valid basis under the issues for the legal result reached in the judgment. [citations omitted]

*Miles, supra* at 174.

M & B, Inc. claims an inconsistency in that finding of fact number three states that an agreement was entered into by the parties, which suggests an express contract; while conclusion of law number one, with the words "unjust enrichment", suggests an implied contract. M & B, Inc. contends that the existence of an express contract would preclude an implied one. *Berry-Jefferson Corp. v. Gross* (1977), Ind.App., 358 N.E.2d 757; *Engelbrecht v. Property Developers, Inc.* (1973), 156 Ind.App. 354, 296 N.E.2d 798.

M & B, Inc. also contends as a separate issue that the conclusion of law number one above is contrary to law if the trial court granted relief based on an implied contract theory. They refer to the rule in Indiana that, absent an express agreement, a tenant cannot recover for improvements made to the leased property. *Johnson v. Pritchard* (1930), 91 Ind.App. 499, 171 N.E. 667.

M & B, Inc. timely moved for findings of fact and conclusions of law. The trial court was thus required to make them under Ind. Rules of Procedure, Trial Rule 52(A). M & B, Inc. also properly raised, under T.R. 52(B), the inconsistency issue in its motion to correct errors.

■ We feel compelled, under authority of Ind. Rules of Procedure, Appellate Rule 15(N)(4) to open the judgment and to remand this case to the trial court for it to amend or make new findings of fact and conclusions of law because the findings and conclusions before us are not adequate enough to disclose the basis for the judgment given.[1] While M & B, Inc. correctly raises the issue as an inconsistency, we also feel there is error in that we cannot determine what legal theory under which the trial court was proceeding.[2] Thus, we cannot rule on the unavailability of the implied contract theory to Hilton.

---

1. The trial court is free, under T.R. 52(B), to hear supplementary evidence if it finds it necessary.

2. To some extent this mixture of legal theories was fostered by the plaintiff's complaint which reads in pertinent part as follows:

> 1. That Robert C. Malbin promised Thomas Hilton that if Thomas Hilton rebuilt and rendered the property located at 7945 Pendleton Pike, Indianapolis, Indiana, that Thomas Hilton would be given a long term leave [probably means "lease"] and/or option to buy the property and the terms would be $55,000 minus the rebuilding cost.

> 2. That Thomas Hilton, acting on Robert C. Malbin's promise and acting in good faith, remodeled and rebuilt the premises at a cost of $10,984.00.

> 3. That thereafter Robert C. Malbin refused to sign the lease Thomas Hilton presented to him and further refused to have any further dealings with Thomas Hilton.

> 4. That under these facts and circumstances a promise to pay the sum of $10,-984.00 is implied in the law to prevent the unjst [sic, should be unjust] enrichment of Robert C. Malbin. . . .

M & B, Inc. further contends that there was not sufficient evidence to support the finding that a binding contractual agreement existed between the parties. We cannot rule on this issue because the trial court did not make an adequate finding on the nature of the agreement between the parties. The trial court did not make a finding on a material issue raised by the pleadings and the evidence at trial. That issue is whether the parties agreed that Hilton would be *compensated* in some manner for the rebuilding. Under T.R. 52(D), we cannot resolve this missing issue by any presumption and although M & B, Inc. has raised this issue indirectly by a claim of insufficiency of the evidence, we feel that this factual issue should be determined by a finding made by the trial court.

Remanded for further proceedings not inconsistent with this opinion. Because of our determination, we need not resolve the other issues raised by M & B, Inc.

LYBROOK, P. J., and YOUNG, J. (participating by designation), concur.