**Louis SANDOVAL, Appellant (Plaintiff Below),**

v.

**Cynthia Marie HAMERSLEY, Appellee (Defendant Below).**

**No. 3–280A43.**

Court of Appeals of Indiana,
Third District.

April 27, 1981.

Rehearing Denied June 4, 1981.

Lenore S. Perry, Legal Aid Society of Gary, Inc., Gary, for appellant.

Robert E. Stochel, Merrillville, for appellee.

STATON, Judge.

Louis Sandoval filed a Petition to Establish Paternity of a Child Born Out of Wedlock in which he sought to be adjudicated the father of Lisa Rosemarie Hamersley and asked that he be given custody of said child. The court [1] dismissed his petition and concluded that, according to IC 1971, 31–4–1–26 (now repealed), the petition was not timely filed. While his appeal on the dismissal of the paternity petition was pending, the court [2] granted the adoption petition of James and Cynthia Jane Hamersley. It found that it was "in the best interest of said child," that Lisa Rosemarie Hamersley

---

1. This action was heard by a duly-appointed referee of the Juvenile Division of the Lake Superior Court.

2. The adoption proceeding was heard by the Lake Circuit Court.

be adopted by her aunt and uncle, the Hamersleys.[3]

Sandoval's appeal from the dismissal of his Petition to Establish Paternity has been consolidated with his appeal from the granting of the Hamersleys' Petition for Adoption for the purposes of our review. While raising a number of issues for our consideration, Sandoval asks, in essence, whether the court erred in dismissing his paternity petition on the basis of the statute of limitations as set forth in IC 1971, 31–4–1–26 (now repealed). He also contends that because the court—while hearing the adoption petition—had allowed the introduction of evidence as to paternity, it had erred by failing to make a specific finding thereon.

We reverse and remand.

■ Initially, we note that the alleged errors, as set out in Sandoval's appeal from the dismissal of his Petition to Establish Paternity deal basically with a statute of limitations question. He claims that because the court improperly relied upon the statute of limitations, set forth in IC 1971, 31–4–1–26 (now repealed), he was wrongfully precluded from litigating the issue of paternity. We agree with his contention that the use of IC 1971, 31–4–1–26 (now repealed) as applied to the facts-at-bar was inappropriate.[4] Nonetheless, we are persuaded that there was no resulting prejudice to Sandoval because he was joined as a party in the adoption proceeding and was allowed to present evidence therein as to his alleged paternity. *See Matter of Adoption of Infant Male* (1978), Ind.App., 378 N.E.2d 885.

■ In appealing the granting of the adoption petition, Sandoval claims, among other things that the court erred by not making a specific finding as to the issue of paternity. He claims that "the resolution of that issue was the pivotal point upon which all his rights vested, it was incumbent upon the Court to make a finding upon the issues in order to render a just decision in the adoption." We agree.

Pursuant to Sandoval's Trial Rule 52 motion, the court made findings of fact and conclusions of law in the granting of the Hamersleys' adoption petition. The following findings of fact are pertinent to our discussion:

"3. That the natural mother of said child is Cynthia Marie Hamersley and that she has given her consent to the adoption of Lisa Rosemarie Hamersley by the Petitioners herein;

"4. That in her verified consent the natural mother, Cynthia Marie Hamersley stated that the natural father is unknown;

"5. The [sic] the minor child Lisa Rosemarie Hamersley was born out of wedlock and child's paternity was never established;

"6. That Cross-Petitioner, Louis Sandoval asserts that he is the putative father of Lisa Rosemarie Hamersley and filed objections to adoption of child by Petitioners;

---

3. The Hamersleys have had continuous custody of their niece since July of 1977 when she was placed in their home by the natural mother. Shortly after her arrival, the Hamersleys petitioned for and were given the guardianship of Lisa.

4. IC 1971, 31–4–1–26 (now repealed) set out a two year statute of limitations for the initiation of an action by the mother to enforce the support obligations of the father. It precluded the bringing of such an action after a lapse of more than two years unless paternity "has been acknowledged *by the father* in writing" or "unless support has been furnished *by the alleged father.*" It also provided that "if *the mother* was under legal disability," "*the father* was a non-resident" or "the whereabouts of *the fa-*

*ther* is unknown and cannot be ascertained by diligent search and inquiry," then such period of time was not to be counted in computing the two years. After a thorough review of the procedures outlined by IC 1971, 31–4–1–1 *et seq.* (now repealed) and the pertinent case law, this Court is persuaded that the application of the two year statute of limitations, as found in IC 1971, 31–4–1–26 (now repealed) to this action was error. Because of the varying burdens of proof on the plaintiff and defendant and the clear perspective of the chapter, we are convinced that the terms "mother" and "father" cannot be interchanged for the purpose urged by the appellee. If such were allowed, the meaning of the chapter would become jumbled and rendered almost nonsensical in part.

"7. That the natural mother, Cynthia Marie Hamersley and Cross-Petitioner Louis Sandoval, on occasions during their teenage years lived together;

\* \* \* \* \* \*

"11. That prior to the hearing of this matter Shirley Sandoval and Louis Sandoval filed with the Court their Cross-Petition for the Adoption of Lisa Rosemarie Hamersley;

"12. That Shirley Sandoval and Louis Sandoval have insufficient standing in which to object to the Petition for Adoption filed by Cynthia Jane Hamersley and James William Hamersley;"

■ The purpose of making findings of facts and conclusions of law is to provide the parties and the reviewing courts with the theory upon which the case was decided. Such findings effectively preserve the right of review for error. *Miller v. Ortman* (1956), 235 Ind. 641, 136 N.E.2d 17. Generally, the requirement of making such "special findings" has been interpreted to mean all those facts necessary for a judgment for the party in whose favor the conclusions of law are rendered. The trial court need not recite the evidence in detail as long as the ultimate facts found are stated in the findings. *Salk v. Weinraub* (1979), Ind., 390 N.E.2d 995. In order to determine whether the findings are adequate, we will look to see if they are sufficient to disclose a valid basis under the issues for the legal result reached in the judgment. In so doing, we will accept the findings made by the trial court if they are supported by evidence of probative value. *In Re Marriage of Miles* (1977), Ind.App., 362 N.E.2d 171. We may, however, add nothing to the findings of fact by way of presumption, inference or intendment. *Malbin & Bullock, Inc. v. Hilton* (1979), Ind.App., 387 N.E.2d 1332, 1334.

When one considers that the foregoing findings are the only findings which are even remotely related to the paternity issue, it becomes apparent that a finding necessary to the judgment is missing.

Even when we construe the findings together in support of the judgment, *Malbin & Bullock, Inc., supra,* they are insufficient, in this respect, to disclose a valid basis for the legal result reached. The court found only that the "child's paternity was never established;"[5] it never stated that Sandoval was or was not the father of Lisa Rosemarie Hamersley. From these findings, we are not allowed to imply anything other than a paternity relationship was never established. The findings are, in fact, neutral as to the identity of the father.

A finding as to whether Sandoval is or is not the father of Lisa Rosemarie Hamersley is crucial to the proper disposition of the adoption petition. If Sandoval is found to be the father of Lisa, his posture in the matter of the Hamersleys' Petition for Adoption would be changed from one who has no standing, IC 1971, 31–3–1–6(g)(2), to one whose consent is required, IC 1971, 31–3–1–6(a)(2), or whose rights are to be considered in a termination of parental rights procedure, IC 1971, 31–3–1–7 (now repealed). Because under Ind. Rules of Procedure, Trial Rule 52(D) a missing finding upon a material issue cannot be resolved by any presumption, we conclude that the paternity issue should be determined by a finding made by the trial court. *See Malbin & Bullock, Inc., supra.* We, therefore, reverse and remand this cause to the trial court with instructions to make specific findings of fact as to Sandoval's alleged paternity and the necessity for his consent to the adoption. Because of our determination, we need not resolve the other issues raised by Sandoval.

Reversed and remanded.

GARRARD, J., concurs.

HOFFMAN, P. J., dissents with opinion.

HOFFMAN, Presiding Judge, dissenting.

I respectfully dissent from the majority's conclusion that this case should be remanded for a specific finding of fact as to Sandoval's alleged paternity.

---

5. In light of the improper use of the statute of limitations in the prior paternity proceeding, we are left wondering if this finding was based upon the foregoing procedural considerations or upon the evidence adduced in the adoption proceeding.

IC 1971, 31–3–1–6 does not support the majority's assertion that "[a] finding as to whether Sandoval is or is not the father of Lisa Rosemarie Hamersley is crucial to the proper disposition of the adoption petition." The statute provides in pertinent part:

"(a) Except as otherwise provided in this section, a petition to adopt a child under eighteen [18] years of age may be granted only if written consent to adoption has been executed by:

\*   \*   \*   \*   \*   \*

(2) The mother of a child born out of wedlock and the *father of such a child whose paternity has been established by a court proceeding*;

\*   \*   \*   \*   \*   \*

"(g) Consent to adoption is not required of:

\*   \*   \*   \*   \*   \*

(2) The *natural father of a child born out of wedlock whose paternity has not been established by a court proceeding*[.]" (Emphasis added.)

I agree with the majority that Sandoval suffered no prejudice as a result of the dismissal of his petition to establish paternity. Sandoval had an ample opportunity to present evidence of paternity during the adoption proceeding. The key issue is whether the trial court erred in finding that paternity was never established.

Sandoval had the burden of proving by a preponderance of the evidence that he was the natural father of Lisa. The trial court's finding that paternity was never established was a negative judgment against Sandoval. Where an appellant has suffered a negative judgment in a bench trial in which the trial court made specific findings of fact and conclusions of law, that judgment may be disturbed only if clearly erroneous. Ind.Rules of Procedure, Trial Rule 52(A). A finding is clearly erroneous only where the evidence is uncontradicted and will support no reasonable inference in favor of the finding.

The evidence in this case is not without conflict. Sandoval presents evidence of his cohabitation with the mother and his sup-

port of the child for a time after her birth. On the other hand, in the mother's verified consent to the adoption she stated that the father of Lisa is unknown. There is also evidence that Sandoval voluntarily established his paternity of two prior children but failed to do so in Lisa's case. Additionally, the evidence shows that while Lisa was in the custody of the Hamersleys, Sandoval failed to communicate significantly with her. Although Sandoval presented much testimony to show that he was unable to communicate with Lisa due to the efforts of both her mother and the Hamersleys, the issue before the court was not whether the child was abandoned under IC 1971, 31–3–1–6(g)(1) but rather, had Sandoval presented sufficient evidence to establish his paternity. Abandonment becomes an issue only after paternity is established. The court specifically found that Lisa's paternity was never established. Such a finding is not clearly erroneous.

Consent to adoption is not required of the natural father whose child was born out of wedlock unless his paternity has been established by a court proceeding. The evidence is sufficient to sustain the trial court's finding that paternity was not established. Sandoval's consent was not required. I would therefore affirm the judgments of both trial courts.