In re the MARRIAGE OF Wick
SEEBA and Louise Seeba.

Louise SEEBA, Appellant,

v.

Wick SEEBA, Appellee.

No. 4–384A88.

Court of Appeals of Indiana,
Fourth District.

July 10, 1985.

Publication Ordered July 23, 1985.

John Hovanec, Lake Station, for appellant.

Jack W. Lund, Gary, for appellee.

CONOVER, Judge.

Appellant Louise Seeba (Louise) appeals the denial of her petition to modify child support for her 19-year-old daughter, Angela Perfidia Seeba (Angela).

Affirmed.

ISSUES

Louise presents the following issue which we have restated for our review:

1. Whether the trial judge abused his discretion by denying Louise's petition for support modification because he determined Angela was emancipated.

FACTS

Wick (Wick) and Louise Seeba's marriage was dissolved in November, 1982. By agreement at the time of dissolution, Louise was given custody of Angela. Louise waived any support by Wick in exchange for the transfer to Louise of the income-producing assets of the marriage. Later, she lost control of those assets. In December 1983, Louise petitioned the court for modification of the support agreement to require Wick to pay support for Angela.

At the hearing on Louise's petition, it was uncontested Angela who was then nearly 19 years old had not attended school for two and one-half years. Angela had not been employed during this period except for occasional babysitting jobs. She had not obtained a social security card until two weeks before the hearing. The court further found Angela was not physically or mentally handicapped so as to require parental support.

Citing Angela's age, her choice not to pursue her education, her failure to actively seek employment, and her lack of physical or mental handicap, the court determined Angela was emancipated and denied the petition for support. Other pertinent facts appear below.

DISCUSSION AND DECISION

■ Because the judge relied on factors which coincide with IND.CODE 31–1–11.5–12 (1984 as amended) to support his finding of emancipation, such finding was error, Louise claims, because that statute did not go into effect until nearly six months after the court's decision. We disagree.

Louise is correct in asserting the 1984 amendments to IC 31–1–11.5–12 are inapplicable. However the statute in effect at the time stated, in pertinent part,

.    .    .    .    .

(d) The duty to support a child under this chapter ceases when the child reaches his twenty-first birthday unless:

(1) The child is emancipated prior to his twenty-first birthday in which case the child support, except for the educational needs, terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court;

IC 31–1–11.5–12.

The statute prior to the 1984 amendment did not state what constitutes emancipation nor did it limit the factors which could be considered in making such a determination. Therefore, it was not improper for the judge to consider factors later codified as part of the 1984 amendment in determining Angela's status regarding emancipation. Whether such factors standing alone are sufficient to deny support, however, is the question before us.

When considering an appeal from a bench trial, we may not disturb the judgment of the trial court unless it is clearly erroneous. *Isler v. Isler* (1981), Ind.App., 422 N.E.2d 416, 418; Ind.Rules of Procedure, Trial Rule 52(A). The judgment of the trial court must be upheld if it can be sustained upon any legal theory the evidence supports. We will not reweigh the evidence or judge the credibility of witnesses. *Isler*, 422 N.E.2d at 418; *Hurt v. Polak* (1979), Ind.App., 397 N.E.2d 1051.

In *Isler, supra,* 422 N.E.2d at 416, our First District upheld the trial court's determination of emancipation. The facts there are remarkably similar to those now before us. In *Isler*, Kent the child was nineteen years old. He quit school as a freshman and never returned. His father testified he was running with a "tough crowd", staying out all night, and acting headstrong. Kent left his father's home, moving in with a friend. Two months later he moved to his mother's residence. He was still there at the time of the hearing. He was able to work to support himself, although he was not doing so. There the evidence also showed Kent was pursuing a G.E.D. diplo-

ma, suffered from dyslexia, and was a slow learner.

Here, as in *Isler*, Angela was nineteen years old. She left school as a freshman never to return. Wick testified she "bar hopped", entertained many boyfriends, and she does what she wants to do. Angela moved from her father's home, and moved in with her mother. She later moved to southern Indiana and lived with her aunt. She then moved to southern Illinois to live with her grandmother, being away from her parental home for 7 or 8 months before returning to live with her mother. Angela was able to work to support herself, although she had made no effort to do so. Further, she suffered no physical or mental impairment and was not interested in completing her education.

Under the facts enumerated here, we cannot say the trial court's decision was clearly erroneous.

Affirmed.

MILLER, P.J., and YOUNG, J., concur.