**Gladys GARLINGER, Appellant (Respondent Below),**

v.

**Douglas GARLINGER, Appellee (Petitioner Below),**

v.

**Leon and Donna GARLINGER, Intervening Defendants.**

No. 2–1085 A 325.

Court of Appeals of Indiana, Second District.

Dec. 31, 1986.

Bruce A. Boje, Noblesville, for appellant.

Douglas W. Garlinger, Westfield, for appellee.

SHIELDS, Judge.

Gladys L. Garlinger appeals the trial court's judgment modifying her sole custody of the minor children of her marriage to Douglas W. Garlinger to that of joint custody with Douglas.

Following Gladys's filing of a petition to modify support, Douglas filed a petition to modify support and custody in which he sought full custody of the two minor children of the marriage. After a hearing, the trial court granted Gladys and Douglas joint custody with Douglas having physical custody during the school year and Gladys having physical custody during the summer, Christmas, and spring vacations. Neither party was ordered to pay support. The expense of the transfer of the children

between Douglas and Gladys was ordered equally shared.

Gladys appeals the trial court's judgment arguing the judgment is contrary to law and an abuse of discretion. We agree and reverse.

At the conclusion of the hearing the court stated:

"I find that there is a change of circumstances which permit this Court to review the custody. Those change [sic] of circumstances are only the fact that the mother is moving out of town. The Court is going to find joint custody. The physical custody I will have to decide this afternoon...."

Record at 304. Later that day, the trial court entered the judgment from which Gladys appeals.

▇▇▇ When faced with a general judgment our obligation as an appellate court is to affirm the trial court's judgment on any theory consistent with the evidence. *Potts v. Offult* (1985), Ind.App., 481 N.E.2d 429. However, when the trial court expressly determines a discretionary decision, such as a modification of custody, is sustainable on but one theory, we are limited in our review to that expressed theory.[1] *See City of Elkhart v. Middleton* (1976), 265 Ind. 514, 356 N.E.2d 207 (reasons given for ruling on leave to file a third-party complaint and leave to add a defendant); *Marriage of Miles* (1977), 173 Ind.App. 5, 362 N.E.2d 171 (reasons given for division of property in decree of dissolution). We cannot presume the trial court's decision would have been the same on any other theory when the trial court expressly determines its judgment is consistent with the evidence *upon only one theory*. That is exactly what occurred here.

▇▇▇ In stating the *only* evidence which sustained Douglas's burden of proving a continuing and substantial change in circumstances was the evidence Gladys was

moving out of town the trial court *expressly* determined the other evidence failed to satisfy that burden. Thus, on appeal, our review is limited to the issue whether the fact Gladys is moving out of town constitutes the required substantial and continuing change of circumstances justifying a change in the original grant of custody to Gladys. As a matter of law, it *does not.* *Poret v. Martin* (1982), Ind., 434 N.E.2d 885, *Lubeznik v. Liddy* (1985), Ind.App., 477 N.E.2d 947.

Judgment reversed.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

1. Our own review of the evidence convinces us the trial court quite properly concluded the evidence otherwise failed to establish a substantial and continuing change of circumstances justifying the change in custody. For example, the record is devoid of evidence the children's environment with Gladys at the time of the hearing constitutes a substantial change from that during the parties' marriage.