**Dennis K. BRANCHEAU, Appellant (Respondent Below),**

v.

**Janice E. (Brancheau) WEDDLE, Appellee (Petitioner Below).**

**No. 67A01–9002–CV–61.**

Court of Appeals of Indiana,
First District.

June 28, 1990.

James L. Lowry, Danville, for appellant.

Robert A. Hutchens, Greencastle, for appellee.

ROBERTSON, Judge.

Dennis K. Brancheau appeals the denial of his petition for an order of emancipation and the entry of a modification of child support, judgment for child support arrearage and attorney fees, and a finding of contempt.

We affirm.

Brancheau's appeal turns upon IND. CODE 31–1–11.5–12(d) which provides:

The duty to support a child under this chapter ceases when the child reaches twenty-one (21) years of age unless:

(1) The child is emancipated prior to reaching twenty-one (21) years of age in which case the child support, except for the educational needs outlined in subsection (b)(1), terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court;

(2) The child is incapacitated in which case the child support continues during the incapacity or until further order of the court; *or*

(3) The child:

(A) Is at least eighteen (18) years of age;

(B) Has not attended a secondary or post-secondary school for the prior four (4) months and is not enrolled in such a school; *and*

(C) Is or is capable of supporting himself through employment;

in which case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist; however, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting himself or capable of only partially supporting himself, the court may order that support be modified instead of terminated. (Emphasis supplied.)

Brancheau contends that the facts placed in evidence establish that his daughter Denise met the criteria set forth in subsec-

tion (3) of I.C. 31–1–11.5–12(d);[1] hence, he was entitled as a matter of law to a termination of his child support obligation. As a consequence of the trial court's error in applying the statute, Brancheau asserts that the trial court also erred in calculating the arrearage due his former wife, Janice Weddle, and in ordering him to pay a portion of Denise's postsecondary educational needs, an increased amount of support, and attorney fees. Brancheau also challenges the requirement that he contribute toward Denise's educational expenses on the basis that the court below made no findings concerning Denise's aptitude for postsecondary education.

 The trial court made numerous factual findings and concluded that the ultimate facts were not in Brancheau's favor. Under these circumstances, we will neither reweigh the evidence nor reassess the credibility of the witnesses and will not set aside the fact-finding of the trial court unless it is clearly erroneous. The trial court will not be reversed on the evidence unless there is a total lack of supporting evidence or the evidence is undisputed and leads solely to a contrary conclusion. *State Election Bd. v. Bayh* (1988), Ind., 521 N.E.2d 1313, 1315.

 The three facts which the trial court needed to find in order to conclude that Brancheau's child support obligation had ceased are (1) that Denise is at least 18 years old; (2) that she did not attend a secondary or postsecondary school in the preceding four months and is not now enrolled in such a school, *and* (3) is now supporting herself or is capable of supporting herself through employment. Although the dispute seems to be centered on the second factor, i.e. whether tutoring classes for a high school equivalency (GED) certificate within the preceding four months constitute secondary school within the meaning of the statute, we address ourselves only to the third factor, as the trial court's findings and judgment are sustainable on the basis of that factor alone.

*See Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 157; *In Re the Marriage of Seeba* (1985), Ind.App., 480 N.E.2d 960.

The trial court concluded that Denise is incapable of supporting herself through employment. The record shows and the trial court found that in early 1987, when Denise was sixteen, Weddle seriously injured herself in a motor vehicle mishap which precluded her from working for the remainder of the year. Denise began working at that time at a fast food restaurant to assist with household expenses, pay her own medical bills and buy clothing. Weddle had an average weekly gross income in 1987 of $22.97, exclusive of Brancheau's $45 per week support payment.

Denise withdrew from Plainfield High School as a regular student in April, 1988, on the advice of her high school counselor. The trial court found that her "forced" withdrawal because of excessive absenteeism was due to health problems, in particular, chronic kidney infections. After her withdrawal, and despite her immediate enrollment in GED tutoring sessions, Denise continued to work, now at a factory, at an hourly rate of about $3.70 per hour. Denise began working 37 hours per week after she obtained her GED certificate. Her gross earnings from January 1, 1989 to August 2, 1989 were $3,379.28 yielding an annualized gross income of $5,793.05 and a weekly gross income of $111.53.

Denise does not have medical insurance and has been paying her own medical expenses. She needs about $3000 worth of immediate dental work to preserve her teeth and gums, but does not have the money to pay for the services. With her income, Denise contributes to the living expenses she and her mother share, buys gas for the car and buys her own clothing. Denise desires to pursue further training, either in computer science or dental assistance but to do so she would need financial assistance from her father.

Brancheau maintains that because Denise is making slightly better than minimum

1. Brancheau's brief focuses solely on I.C. 31–1–11.5–12(d)(3). Accordingly, we have no occasion to consider whether Denise was "emancipated" as that term is used in I.C. 31–1–11.5–12(d)(1).

wage in her present employment she is self-sufficient. Certainly, the evidence does not lead exclusively to this inference. To the contrary, it establishes that Denise and her mother, with their incomes pooled, are unable to afford basic necessities such as dental care for Denise.

We note in addition that as the petitioner, Brancheau bore the burden of proving that Denise could sustain herself completely through employment. No evidence was offered by Brancheau of available work for which Denise was qualified, which would enable her to better her financial condition. This record therefore substantiates the trial court's determination that although Denise was employed, she was not yet able to support herself through her employment.

Inasmuch as Brancheau has failed to show that the prerequisites of I.C. 31–1–11.5–12(d)(3) have been met, there can be no error in the trial court's continuing exercise of jurisdiction over Denise's care and custody. Indiana courts are deemed to have continuing jurisdiction, during the minority of the child, to make such orders and modifications with respect to her care, custody, and control as are deemed to be in the best interests of the child. *State ex rel. Werthman v. Superior Court of Marion County* (1983), Ind., 448 N.E.2d 680, 683. *Cf., also, Martin v. Martin* (1986), Ind., 495 N.E.2d 523 (Trial court's finding that child not emancipated and has educational needs sufficient basis for modification after child turns 21). Only when the child becomes emancipated does contempt become an unavailable remedy for enforcing a support order. *Ross v. Ross* (1979), Ind.App., 397 N.E.2d 1066, 1070. The trial court could therefore modify the provisions of the original decree pertaining to the amount and nature of child support, provided the circumstances of the case meet the requirements of I.C. 31–1–11.5–17, and enforce its order by contempt.

Brancheau insists that the order requiring him to contribute toward Denise's educational needs cannot be upheld because the trial court failed to make a determination with respect to Denise's aptitude for postsecondary education, a factor to be considered when incorporating sums for higher education in a support order. I.C. 31–1–11.5–12(b)(1); *Giselbach v. Giselbach* (1985), Ind.App., 481 N.E.2d 131, 134.[2] However, the trial court did specifically cite in its findings testimony from Denise's high school counselor that Denise would meet admission standards at Vincennes University, Indiana University–Purdue University at Indianapolis, and various other trade, technical, vocational and postsecondary schools in the State of Indiana, and that there was no good reason why Denise could not be successful in pursuing a postsecondary education. The court also found it "uncontradicted and credible" that Denise worked hard and was proud of her attainment of a GED certificate and that she would be able to succeed in a course of postsecondary education or training. Hence, there are specific findings reflecting Denise's aptitude for higher education. These findings are supported by the record.[3]

Having found no error in the trial court's order denying Brancheau's petition for termination of support, the judgment should be affirmed.

Judgment affirmed.

BAKER and STATON, JJ., concur.

---

**2.** Brancheau also cites *Thiele v. Thiele* (1985), Ind.App., 479 N.E.2d 1324, but that case addresses the reasonableness of requiring a parent to contribute to expenses of a once discontinued but subsequently resumed higher education.

**3.** Brancheau also contends that the findings and judgment are in irreconcilable conflict. As we read the findings, the conflict exists only in the inferences to be drawn from the facts found. The trial court's findings are certainly adequate to sustain the judgment, as we have held.