COACHMEN INDUSTRIES, INC.,
Appellant–Defendant Below,

v.

CROWN STEEL COMPANY,
Appellee–Plaintiff Below.

No. 20A03-9104-CV-106.

Court of Appeals of Indiana,
Third District.

Aug. 29, 1991.

T. Michael Pangburn, Elkhart, for appellant-defendant.

Thomas R. Hamilton, Daniels, Sanders & Pianowski, Elkhart, for appellee-plaintiff.

STATON, Judge.

Coachmen Industries, Inc. (Coachmen) appeals an adverse judgment following a bench trial in an action on account brought by Crown Steel Co. (Crown). Crown sued Coachmen to recover the value of a load of steel delivered to Coachmen's Auranco divi-

sion in Elkhart, Indiana. After Coachmen rejected the load as defective, Crown made arrangements to resell its steel, with Coachmen agreeing to hold the material for Crown. Crown located a buyer for the steel, but when a trucking company arrived to pick up the material, the steel was not on Coachmen's premises.

The trial court entered an amended judgment for Crown concluding that Coachmen, as a gratuitous bailee, had a duty of "slight care" over the material in its possession, and that Coachmen breached that duty by failing to exercise the appropriate standard of care. Coachmen now presents three issues for our review, which we consolidate and rephrase as: Whether the judgment of the trial court is clearly erroneous.

■ As a preliminary determination, we address Crown's contention that the judgment should be summarily affirmed for Coachmen's failure to comply with the Rules of Appellate Procedure. Although Crown's assertion is not without validity,[1] we will address the merits of an appeal when an appellant has substantially complied with the appellate rules. *In re Marriage of Moser* (1984), Ind.App., 469 N.E.2d 762. Dismissal or summary affirmance is warranted in cases where a party to an appeal commits a flagrant violation of the rules. *Grimm v. F.D. Borkholder Co., Inc.* (1983), Ind.App., 454 N.E.2d 84. The deficiencies in the record and appellant's brief cited by Crown as grounds for affirmance are not so glaring as to prevent this court from identifying and addressing the issues preserved for review. Therefore, we deny Crown's request for summary affirmance.

■ The trial court in this case entered specific findings of fact and conclusions of law, pursuant to Ind. Rules of Procedure, Trial Rule 52. Our standard of review in

---

1. In future filings with the appellate courts of this State, counsel for appellant would be advised to: bind and label the record in accordance with Ind. Rules of Procedure, Appellate Rules 7.1(A) and (B); provide a table of contents in compliance with A.R. 7.1(C); include marginal notations on exhibits in the record pursuant to A.R. 7.2(A)(3); include a verbatim statement of the judgment in the Statement of the Case under A.R. 8.3(A)(4); and provide in the Statement of the Facts a "concise narrative of facts, stated in the light most favorable to the judgment" without argument or summarization of testimony. *FMC Corp. v. Brown* (1988), Ind. App., 526 N.E.2d 719, 723–24 n. 1, *aff'd* (1990), Ind., 551 N.E.2d 444; A.R. 8.3(A)(5).

such cases entails the following two-tiered analysis: we first determine whether the evidence supports the findings, and then, we determine whether the findings support the judgment. *Kaminszky v. Kukuch* (1990), Ind.App., 553 N.E.2d 868, 870, *trans. denied.* We may not reweigh the evidence nor reassess the credibility of the witnesses, and we will not set aside the fact-finding of the trial court unless it is clearly erroneous. *Brancheau v. Weddle* (1990), Ind.App., 555 N.E.2d 1315, 1317. A judgment is clearly erroneous where a review of the record leaves us with a firm conviction that a mistake has been made, *Indiana Dep't. of Correction v. Stagg* (1990), Ind.App., 556 N.E.2d 1338, 1341, *trans. denied,* such as where there is a total lack of supporting evidence or the evidence is undisputed and leads solely to a contrary conclusion. *Brancheau, supra,* at 1317.

■ The parties to this appeal do not dispute the finding that Coachmen held the steel for the sole benefit of Crown. Because Coachmen, as bailee, received no benefit from this arrangement, it was obligated to exercise only slight care in protecting the material from injury. *Norris Automotive Service v. Melton* (1988), Ind.App., 526 N.E.2d 1023, 1026. A bailee held to the lesser standard of slight care is answerable only for gross neglect. *Bronnenburg v. Charman* (1881), 80 Ind. 475; *Northern Indiana Slurry Seal, Inc. v. K & K Truck Sales, Inc.* (1975), 167 Ind.App. 440, 338 N.E.2d 704. Gross negligence is described as:

> an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care.... Indifference to present legal duty and utter forgetfulness of legal obligations, so far as other persons may be affected, and a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence.

Black's Law Dictionary 932 (5th ed.1979).

In its amended judgment,[2] the trial court determined that:

1. Auranco Enterprises is a division of Coachmen;

2. Auranco and Crown made an agreement for the purchase and sale of approximately 51,300 pounds of steel;

3. On May 27, 1988, at Crown's request, Tompkins Trucking Lines, Inc. ("Tompkins") delivered the steel, in one truckload consisting of eight bundles, to Auranco's plant in Elkhart;

4. Upon its arrival, Don Mason and Greg Desimone, employees of Auranco, inspected the steel;

5. Acting within the scope of his employment, Mason wrote "Rejected 5–27–88" on the bill of lading and delivery receipt which accompanied the steel;

6. Mason's actions on behalf of Auranco "rejected" the steel within the meaning of the Indiana version of the Uniform Commercial Code;

7. Crown was notified of Auranco's rejection of the steel May 27, 1988;

8. During a telephone conversation with Crown's employee Morton Trotski, Desimone, acting within the scope of his employment, agreed to hold the steel at Auranco's plant for a later pickup by or for benefit of Crown;

9. Desimone wrote "Held for reconsignment, 5–27–88" on the delivery receipt;

10. Mason unloaded the steel into Auranco's storage area;

11. Shortly thereafter, Crown resold the steel for $13.45 per hundredweight, or a total of $6,899.85;

12. Crown engaged Tompkins to pick up the steel at Auranco's plant and to deliver the steel to the new purchaser;

---

2. The only portion of the February 6, 1991 judgment altered in the amended judgment was the following paragraph, which had read:
> Auranco failed to exercise the required measure of reasonable care;

In the amended judgment, the trial court deleted the word "reasonable" from the above paragraph. Record, pp. 234, 297.

13. When Tompkins's truck arrived, the steel could not be located at Auranco's plant;

14. Neither Coachmen nor Auranco returned the steel to Crown and neither Coachmen nor Auranco paid Crown for the steel;

15. Auranco had previously rejected steel sold by Crown and had held the rejected shipments pending reconsignment; and

16. On previous occasions, Auranco, after initially rejecting shipments of steel, later accepted and used the shipments.

Record, pp. 296–97.

Coachmen first argues that these findings are defective because they do not include a specific finding on Coachmen's alleged breach of its obligation to exercise slight care with respect to the bailment. Inasmuch as the purpose of special findings is to provide parties and the reviewing court with the theory on which the trial court decided the case, Coachmen opines, the omission inhibited its ability to effectively preserve error for review. *See Malbin & Bullock, Inc. v. Hilton* (1979), 180 Ind.App. 193, 387 N.E.2d 1332. However, in the same breath, Coachmen acknowledges that: "The theory upon which this case was decided, as disclosed by the trial court's February 6, 1991 special findings of fact and conclusions of law, was that Coachmen (as a gratuitous bailee) failed to exercise the required measure of SLIGHT CARE." Appellant's Brief, p. 14. Moreover, Coachmen is incorrect when it asserts the trial court failed to issue a finding on the existence of breach. After reciting the above findings, the trial court stated as follows:

On the basis of the foregoing, the Court concludes as follows:

\* \* \* \* \* \*

C. The measure of care required of Auranco was that imposed upon a bailee under a bailment for the sole benefit of the bailor, i.e., "slight care";

D. Auranco failed to exercise the required measure of care[.]

Record, p. 297.

Contrary to Coachmen's assertion, the establishment of breach in this case is not "added to a special finding of fact by presumption, inference or intendment." *Malbin & Bullock, supra,* 387 N.E.2d at 1334. The existence of breach is expressly and clearly articulated, albeit in the portion of the judgment containing conclusions of law. The argument that facts not stated in the findings cannot be supplied by the conclusions of law was rejected by *In re Marriage of Miles* (1977), 173 Ind.App. 5, 362 N.E.2d 171, *trans. denied,* where Judge Garrard observed:

It is the stated purpose of our trial rules to secure the just, speedy and inexpensive determination of every action. To that end TR 52 must be construed as abolishing the old highly technical distinctions and treacherous consequences which attended the consideration of whether a "finding" was an evidentiary fact, an ultimate fact, a conclusion of fact or a conclusion of law.

*Id.* at 8, 362 N.E.2d at 174 (footnote omitted). *See also Smith v. City of South Bend* (1980), Ind.App., 399 N.E.2d 846, *trans. denied.*

Findings made by the trial court are to be construed together liberally in support of the judgment and will be deemed sufficient if supported by evidence of probative value. *Kimbrell v. City of Lafayette* (1983), Ind.App., 454 N.E.2d 73. We conclude that the judgment in favor of Crown is supported by the findings.

This brings us to Coachmen's allegation that the finding of a breach of slight care is not supported by the evidence. Indeed, Coachmen argues the record is clearly devoid of any fact or inference that would support the finding of such a breach. This argument is untenable. Employees of Coachmen–Auranco acknowledged that 51,300 pounds of steel had been delivered to its premises but rejected as non-conforming. As was the practice between the parties, however, Coachmen held the steel for reconsignment. The truck driver who de-

livered the steel testified that a forklift operator from Coachmen–Auranco unloaded the steel and placed it in the workyard near other rolls of steel. The forklift operator admitted the possibility that he unloaded the steel. There is no dispute the steel was not returned to Crown, nor paid for by Coachmen.

Coachmen argues that, because every witness testified without exception that they were unaware of any danger the steel was exposed to while at Coachmen's Auranco facility, the failure to exercise slight care could not have been established. We fail to see the logic in this proposition. The facts and inferences from the record establish a failure to exercise slight care, as Coachmen could not account for 51,300 pounds of steel unloaded on its lot after agreeing to hold the steel for Crown's benefit. Coachmen's argument in this respect is merely a request that we reweigh the evidence. Our standard of review does not permit this court to entertain such a request. *See Brancheau, supra,* at 1317.

Finally, Coachmen argues that the judgment is clearly erroneous because the trial court found Coachmen liable for ordinary negligence, rather than for gross neglect. Coachmen bases this argument on the portion of the judgment that reads:

> E. The evidence establishes that Auranco's conduct regarding the steel was negligent but is not persuasive that Auranco effected a "conversion" of the steel, i.e., a knowing or intentional exertion of unauthorized control over the steel[.]

Record, p. 297. We do not agree that the trial court in this instance found Coachmen liable for "ordinary" negligence, despite Coachmen's reading of that word into the judgment. Considering the judgment in its entirety, it is clear the trial court concluded that Coachmen failed to exercise the slight degree of care imposed on a gratuitous bailee. The "negligence" referred to in the above paragraph was employed to distinguish it from the type of conduct (knowing and intentional) for which Coachmen could have been found liable on the claim of conversion. The judgment was not premised on ordinary negligence.

Finding that a review of the record does not leave this court with the conviction that a reversible error has been made, the judgment is affirmed.

HOFFMAN and MILLER, JJ., concur.